May Term,
1829.

EVANS
v.
SHOEMAKER.

</div>

---

## Evans and Others *v.* Shoemaker.

A justice of the peace, under the statute of 1827, has jurisdiction in actions of debt on penal bonds conditioned for the performance of covenants, when the penalty does not exceed 100 dollars.

No statement of the demand, except the filing of the bond, is in such case necessary; nor need there be any suggestion of breaches.

If a defence be filed, which is not relevant to the cause, it may be rejected on motion.

The condition of a delivery-bond showed, that the property was to be delivered to the person to whom the execution was directed, but it did not state his name. *Held,* that the omission of the sheriff's name did not render the bond void, but that the ambiguity thereby occasioned might be explained by extrinsic evidence.

**ERROR** to the *Owen* Circuit Court.

BLACKFORD, J.—This case had originated before a justice of the peace. The transcript of the justice's judgment, with the bond on which the suit was founded, was filed in the clerk's office on the 21st of *December*, 1827. *Shoemaker* was the plaintiff, and *Evans, Harris,* and *Johnson,* were the defendants. It was an action of debt on a penal bond in the sum of 94 dollars, payable to the plaintiff, and dated the 1st of *November*, 1827. The condition of the bond was, "that if the above bound *Andrew Evans* does, on the 12th instant, deliver to me in the town of *Spencer,* three head of horses, taken by virtue of an execution to me directed from the clerk of the *Owen* Circuit Court in favour of *Thomas Shoemaker*, then," &c. Previ-

<div style="text-align:right">

*Wednesday,*
*May* 13.

</div>

EVANS
v.
SHOEMAKER.

ously to the commencement of the trial, the defendants filed the following defence, to wit, that the demand, if collected from them, was not coming to the plaintiff, but to certain heirs; that one of the defendants was the surety of the guardian of those heirs; and that the defendants ought not to be compelled to pay, until the surety was discharged as such, he being doubtful whether his principal would faithfully discharge his duties. The execution, returned with the delivery-bond on which this suit is founded, was endorsed as follows:—"Came to hand, 14th Sept. 1827.—*Robert M. Wooden*, sheriff, O. C. Levied on three head of horses, the property of *Andrew Evans*. Took delivery-bond with *Daniel Harris* and *Gabriel Johnson* security thereto: and the defendants failed to deliver the property on the day of sale; therefore no money made on the within execution, but said bond is returned to the clerk's office. *Nov. 12th, 1827.*— *Robert M. Wooden*, sheriff, O. C." The justice, after hearing the evidence, gave judgment in favour of the plaintiff for 53 dollars and 54 cents, together with costs. The defendants appealed to the Circuit Court.

In the Circuit Court, a motion was made to dismiss the cause, because, 1st, there had been no statement of the cause of action filed before the justice; and 2dly, the justice had no jurisdiction of the cause. This motion the Circuit Court overruled. The plaintiff moved to reject the defence filed before the justice; which motion the Court sustained. The plaintiff suggested, on the record, the following breach of the condition of the bond, to wit, "that the said *Andrew Evans* did not, nor did any other person, deliver the said three head of horses, or either of them, on the said 12th of *November*, 1827, in the town of *Spencer* aforesaid, in manner and form as they were bound in said condition to do." The cause was submitted to the Circuit Court without a jury. A judgment was rendered in favour of the plaintiff below for 94 dollars, the penalty of the bond; and the damages were assessed at 54 dollars and 90 cents, together with costs.

The first error assigned is, that the justice had no jurisdiction of the cause, because the bond on which the suit was founded, was a penal one, conditioned for the delivery of property taken by the sheriff on execution. In answer to this, it must be observed that the statute of 1827 gives the justice jurisdiction in

all actions of debt, where the sum due or demanded does not exceed 100 dollars, exclusive of interest and costs. The present case, certainly, comes within the terms of the statute (1). The second error assigned is, that no statement of the cause of action was filed before the justice. There is nothing in that. The statute of 1827 requires no statement of the demand in such a case, except the filing of the bond, which was done. The third assignment of error is, that the Circuit Court should not have rejected the defence, nor have permitted the suggestion of breaches. The defence was properly rejected. That one of the defendants was a surety of the guardian of certain heirs entitled to the money after the collection of it by the plaintiff, had nothing to do with the case. The suggestion of the breach was mere surplusage, in a case originating before a justice. No assignment of breaches was necessary. The last error assigned is, that the bond is void. It is objected under this head, that the condition of the bond does not state to whom the property was to be delivered. The answer to this is, that although the name of the sheriff is not mentioned, yet as the delivery was to be to the person to whom the execution was directed by the clerk of the Court, the omission of the name of the sheriff, only created such an ambiguity as was susceptible of explanation by extrinsic proof. The return on the execution shows that the bond was taken by *Robert M. Wooden*, the sheriff of the county. There may have been other explanatory testimony; and as the evidence is not spread on the record, we must presume that the necessary proof was given. There appears to us, therefore, to be no ground for the objections, made by the plaintiffs in error to the proceedings in this cause. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Hester* and *Gregg*, for the plaintiffs.
*Whitcomb*, for the defendant.

(1) Vide *Washburn* v. *Payne* ante, p. 216, and note.