May Term,<br>1840.<br><br>Barber<br>v.<br>Summers.

---

## Barber and Another *v.* Summers.

Debt on a delivery-bond commenced before a justice of the peace. Plea, that the articles mentioned in the condition of the bond belonged to the execution-defendant, who, at and before the period when they were to have been delivered, claimed them from the constable as being exempted from execution by law, on the ground that he had not personal property of the value of 100 dollars including said articles; that he had a family; and that he had not 100 dollars' worth of personal and household property over and above the property levied on. *Held,* that the plea was bad. *Held,* also, that the filing of the delivery-bond before the justice as a cause of action, was sufficient without a declaration.

The plea of *non est factum,* if not sworn to, should be set aside on motion.

ERROR to the *Rush* Circuit Court.

DEWEY, J.—This was an action of debt commenced before a justice of the peace. It was founded on a bond conditioned for the delivery of certain property, which had been taken by a constable on execution in favour of the defendant in error against *Gosnel,* one of the plaintiffs in error. The bond was filed before the justice as the cause of action; the plaintiff below also filed with the justice a declaration setting forth the bond and condition, and assigning the non-delivery of the property as the breach of the condition. The defen-

Thursday,<br>June 4.

May Term,
1840.

BARBER
v.
SUMMERS.

dants pleaded, 1st, The delivery of the property according to the condition of the bond; 2dly, That the articles mentioned in the condition belonged to *Gosnel,* and that at and before the period when they were to have been delivered, *Gosnel* claimed them from the constable as being exempted from execution by law, " on the ground that *Gosnel* had not personal property of the value of 100 dollars, including said articles," and that he had a family; the plea then avers that *Gosnel* had not " 100 dollars' worth of personal and household property over and above the property" levied on; 3dly, "The general issue," as stated by the justice's transcript, but this plea is not spread upon the record, nor does it appear to have been under oath. Upon the first plea there was an issue of fact. The plaintiff demurred generally to the second and third pleas; the demurrers were sustained; and upon a trial of the issue of fact, the justice rendered judgment for the plaintiff. The defendants appealed. The Circuit Court also sustained the demurrers, and on motion of the plaintiff set aside the general issue. On the trial of the issue of fact, the plaintiff again recovered judgment.

The second plea is evidently an attempt to set up the benefit of the statute, which entitles the head of a family to claim property to the value of 100 dollars as exempt from execution, in bar of an action on the delivery-bond. The plea, however, is too defective to bring the question of the validity of such a defence before us in this case. If the allegation, that the *execution-defendant* claimed the exemption " on the ground" that he had not property to the value of 100 dollars, including that taken on the execution, can be considered as an averment that all his property was not worth that sum, it is inconsistent with the subsequent averment that his property, exclusive of that levied on, did not amount in value to 100 dollars. And a plea, which contains repugnant allegations respecting material matter, is bad on general demurrer; the contradictory averments destroy each other. Gould's Pl. 155. But the averment in the plea, that the execution-debtor claimed the property levied on from the constable, as being exempt from execution, on the ground that he had not property to the value of 100 dollars, is not, in truth, a direct allegation that his property was not worth

that sum. It tenders no issue as to that point. The only statement in the plea as to the value of his property is that which avers, that, exclusive of the articles taken in execution, *Gosnel* did not own 100 dollars' worth of property. The plea, with this defect, certainly cannot bar the action.

As to the general issue—which must have been *non est factum*—it could not be regularly pleaded without oath; it was properly set aside by the Circuit Court under the circumstances above stated.

But it is contended that the decision on the demurrers should have been in favour of the defendants below, because the declaration is defective for not alleging a judgment in favour of *Summers* against *Gosnel.* This position cannot be sustained. The bond itself was filed as a cause of action before the justice, and that was sufficient without any declaration. *Evans* v. *Shoemaker,* 2 Blackf. 237.—*Wiley* v. *Shank et al.* 4 Blackf. 420.—*Vandagrift* v. *Tate et ux. Ib.* 174.

The evidence given on the trial is spread upon the record, and, as we think, justified the judgment.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*W. J. Brown, G. B. Tingley,* and *J. S. Newman,* for the plaintiffs.

*C. B. Smith* and *R. S. Cox,* for the defendant.