Kirkpatrick *v.* Taylor, Treasurer.

Filed April 19, 1889.

No. 13,716.

KIRKPATRICK *v.* TAYLOR, TREASURER.

DRAINAGE.— *Repairs.—Discretion of County Surveyor.—Act of 1885.*—The propriety of repairing a public ditch is committed by section 10 of the act of April 6th, 1885 (Acts of 1885, p. 141), to the discretion of the county surveyor, and his decision is final.

SAME.—*Appeal from Assessment.— Questions Determined upon.*—Upon an appeal by a land-owner from an assessment made under the provisions of section 10 of the act of 1885, it is proper to determine whether the appellant's land is subject to assessment for repairs.

From the Delaware Circuit Court.

*G. H. Koons,* for appellant.

*W. W. Orr,* for appellee.

·OLDS, J.—This is an action to enjoin the collection of an assessment made by the county surveyor to reimburse the treasury for money paid out in repairing a ditch in accordance with the drainage act of 1885.

The complaint alleged the construction of a main open ditch and five other tributary tile ditches, upon a petition therefor filed and proceedings had before the board of commissioners of Delaware county, under an act of the Legislature approved April 21st, 1881; that the several ditches were constructed under one application and petition, but assessments were made separately for the construction of each ditch, some of the lands affected being assessed for the main open ditch and for some of the tributary tile ditches, but separate assessments for each ditch; that the lands of the plaintiff were not assessed for the original construction of the open ditch, but were only assessed for the construction of its tributary tile ditch No. 4; that the surveyor repaired the main open ditch to its full dimensions, under the provisions of section 10 of an act approved April 6th, 1885 (Acts of 1885, p. 141), the cost of which repairs was certified under said act and paid out of the county treasury, as in said act provided, and the county surveyor made an assessment to reimburse the county treasury, and in making such assessment assessed the lands of the plaintiff, which had not been assessed for the construction of said main open ditch. It is further averred that said ditch had never been constructed and completed according to the original specifications, in that two stations of one hundred feet each had not, nor had any part of the same, been excavated, and that ten other stations, of one hundred feet each, had not been completed, and only about one-half of said ten stations had been excavated in accordance with the original specifications. Prayer for an injunction enjoining the collection of said assessment so made by said surveyor.

Demurrer to the complaint, and the demurrer sustained by

the court below, and exceptions reserved, and the ruling on the demurrer is assigned as error.

It is urged by counsel for appellant, that, the ditch not having been completed according to the original specifications, the county surveyor had no authority to make the repairs, and, having no authority to make them, the assessment made by him was without authority, illegal and void; also, that the surveyor had no authority to assess any lands for the repairs that were not originally assessed for the construction of the main open ditch, and that, the plaintiff's land not having been assessed for the construction of the main ditch, it was not liable to be assessed for the repairs, and that such assessment was without authority, illegal and void; that the plaintiff had no remedy by appeal under section 10 of said act.

The case of *Markley* v. *Rudy,* 115 Ind. 533, is decisive of the first question. It is held in that case that the propriety of making the repairs is committed to the discretion of the county surveyor, and that his decision is final. The court, in construing the statute in that case, says : "The evident intention of section 10, *supra,* is to commit the question of the propriety of repairing a public ditch to the discretion and decision of the proper county surveyor, and to treat his decision in favor of the propriety of repairing it as final." The statute having been so construed, we deem it proper to adhere to such construction. See, also, *Weaver* v. *Templin,* 113 Ind. 298.

As to the adequacy of plaintiff's remedy on appeal, the statute provides : " The only question tried shall be to determine the costs of such repair and what amount thereof should be assessed against the appellant's lands." Upon such appeal it is certainly proper, and within the scope and meaning of the statute, to determine whether the appellant's lands were subject to any assessment for such repairs, and whether there should be any part of the costs assessed against such lands. It could not be determined what amount should be

assessed against the lands without determining whether any part should be so assessed.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

