'No. 14,072.

## Bunnell *v.* Peet et al.

County Surveyor.—*Repair of Drains.*—*Injunction.*—*Completion of Ditch.*—*Presumption.*—In an action to enjoin the county surveyor, and certain persons to whom he had let the contract, from proceeding with the repair of a drain, where it appears that the drain was duly located and established, that the lands benefited were assessed and the work allotted, and that the county surveyor was proceeding seven years afterwards to put the drain in repair, it will be presumed, as against a general averment that the drain was not completed according to the original plans and specifications, that the work was duly accepted as the law required; and the acceptance creates the conclusive presumption that the work was completed according to the plans and specifications on file.

Same.—*Contract to Repair.*—*Notice.*—There is no statute requiring the county surveyor to give notice of the letting of the contract to repair, nor is it required that the repairs shall be made by contract.

From the White Circuit Court.

*R. Gregory,* for appellant.

*A. W. Reynolds, E. B. Sellers, W. Guthrie* and *T. M. Bushnell,* for appellees.

Mitchell, C. J.—The appellant, Bunnell, instituted this proceeding to enjoin the county surveyor of White county, and certain persons to whom the surveyor had let a contract for the repair of a certain ditch, or drain, theretofore established, from proceeding with the work. The questions involved in this appeal arise upon the complaint. It appears that a drain had been duly established, in 1880, under the act of 1875, and that assessments had been made, to the amount of six hundred dollars, for the construction of the work, and that the work necessary to be done had been allotted to the owners of the several parcels of land to be benefited thereby.

It is averred that the surveyor, in the year 1887, had let the contract to clean out and repair the ditch along its full length,

and that his proceeding in that behalf was illegal and void, for two reasons : (1) Because the drain had never been constructed as required under the plans and specifications originally adopted. (2) Because the surveyor did not give notice of the sale, or letting, of the work to those employed to clean out the drain.

There is no merit in either of the above objections to the proceedings of the surveyor. In respect to drains the statute makes it the duty of the county surveyor, after the construction of the work, to keep the same in repair to the full dimensions, as to width and depth, as required in the original specifications. Since it appears that a drain was duly located and established in 1880, and that the lands benefited were assessed, and the work allotted, and that the county surveyor was proceeding, seven years afterwards, to put the drain in repair, it will be presumed, as against the general averment that the drain was not completed according to the original plans and specifications, that the work was duly accepted, as the law required. After that has been done it is no longer a subject of inquiry, upon a collateral investigation, whether the drain was completed or not. It will be conclusively presumed, unless it is averred that the drain has never been accepted, that the work was completed, according to the plans and specifications on file. *Montgomery* v. *Wasem*, 116 Ind. 343 ; *Indianapolis, etc., G. R. Co.* v. *State, ex rel.,* 105 Ind. 37.

The county surveyor is not authorized to repair a public ditch until "after the construction of such work," and when it is shown that the surveyor is proceeding to repair a drain it will be presumed, until the contrary appears by specific averments, that the officer is acting according to law, and that the work has been constructed and accepted. The propriety, or necessity, of repairing a public ditch is committed to the discretion and decision of the county surveyor, and his decision in respect to that subject is conclusive. Persons feeling themselves aggrieved may appeal at the proper

time, and upon an appeal the question as to whether or not the work done constituted repairs, or whether it was the construction of a new ditch, and all kindred questions are open to investigation. *Markley* v. *Rudy*, 115 Ind. 533, and cases cited.

The constitutionality of the act in the respects here involved, is no longer open to debate.

There is no statute requiring the county surveyor to give notice of the letting of the contract to repair, nor is it required that the repairs shall be made by contract.

With the policy and wisdom of the law conferring the power upon the county surveyor to keep drains in repair, the courts have nothing to do. These are questions for the legislature.

The judgment is affirmed, with costs.

Filed April 25, 1890.