No. 15,046.

## GOFF v. McGEE, TREASURER, ET AL.

DRAINAGE.—*Repair of Ditches.*—*Surveyor's Assessment*—*Remedy of Aggrieved Person.*—The remedy of a land-owner who complains of an assessment made by the county surveyor, under Elliott's Supp., section 1193 (Acts 1885, p. 141), to reimburse the county treasury for money expended in repairing a ditch, is by appeal to the circuit court from such assessment, and not by a suit to restrain the treasurer of the county from collecting it.

From the Tipton Circuit Court.

*J. A. Swoveland* and *J. V. Kent*, for appellant.

*J. N. Waugh, J. P. Kemp, G. H. Gifford* and *J. M. Fippen*, for appellees.

MILLER, J.—This was an action by the appellant to re-

strain the appellee, as treasurer of Tipton county, from collecting an assessment made against the lands of the appellant for the repair of a drain.

It appears from the complaint that a public drain was constructed in the year 1882 in pretended accordance with the provisions of the act which went into effect September 19th, 1881 (R. S. 1881, section 4285, *et seq.*); that in the year 1886 the county surveyor caused the drain to be repaired, and made the assessment complained of upon the lands of the plaintiff, and others, to reimburse the treasury of the county for the money expended in making the repairs.

The objections to the assessment pointed out in the complaint are as follows:

1. That the ditch, for the repair of which the assessment was made, was never granted or established by the board of county commissioners, or by any other competent court.

2. That the viewers appointed by the board of commissioners reported that the slope of the banks of the proposed ditch should be constructed at an angle of $37\frac{1}{2}$ degrees, and that after the report had been spread of record, some person, without authority to do so, erased from the report the figures "$37\frac{1}{2}$" and wrote in place of the same the figures "45" as the angle of the slope.

3. That the surveyor did not, prior to the making of the assessment for the repair of the ditch, or since that time, make any record of the assessment.

4. That the ditch was not repaired at an angle of either $37\frac{1}{2}$ or 45 degrees; nor was it repaired its entire length, but was in places cut materially wider and deeper than called for in the specifications in the petition for its establishment.

The complaint was held good on demurrer, issues of fact were joined, and the cause submitted to the court for trial, who found for the defendant. A motion for a new trial was filed and overruled.

The appellant insists that the finding of the court was not sustained by the evidence, and, also, that the court erred in

excluding evidence offered by the appellant, which was competent and material under the issues.

The view we entertain of the law of this case renders it unnecessary for us to examine in detail the various questions relating to the admissibility of evidence contained in the record.

In making the assessment complained of, the surveyor was evidently proceeding under section 1193, Elliott's Supp. (Acts 1885, p. 141), which provides that any person aggrieved may appeal to the circuit court from such assessment.

This section came before this court for construction in *Kirkpatrick* v. *Taylor*, 118 Ind. 329, which was an action to enjoin the collection of an assessment made by the county surveyor to reimburse the treasury for money paid out in repairing a ditch ; the conclusion arrived at by the court is stated in this language :

"As to the adequacy of plaintiff's remedy on appeal, the statute provides : ' The only question tried shall be to determine the costs of such repair and what amount thereof should be assessed against the appellant's lands.' Upon such appeal it is certainly proper, and within the scope and meaning of the statute, to determine whether the appellant's lands were subject to any assessment for such repairs, and whether there should be any part of the costs assessed against such lands. It could not be determined what amount should be assessed against the lands without determining whether any part should be so assessed."

It is admitted in the complaint that the appellant had notice of the assessment at the time it was made, and no reason is given for his failure to avail himself of this right of appeal.    To the same effect see *Bunnell* v. *Peet*, 123 Ind. 436 ; *Markley* v. *Rudy*, 115 Ind. 533, and cases cited.    We are satisfied with the ruling of these cases, and, therefore, find no error in the record.

Judgment affirmed.

Filed May 26, 1891.