Scott *et al. v.* Stringley.

No. 15,910.

SCOTT ET AL. *v.* STRINGLEY.

DRAINAGE.—*Repair of Ditch.*—*Performance of Work.*—*Surveyor's Authority Concerning.*—Where a surveyor is acting within the scope of his authority in repairing a ditch, the question as to whether he adopted the best or cheapest plan for its performance is not open to inquiry. The fact that the workmen were paid by the day—no fraud or collusion being claimed—and that no competition was invited, does not furnish an excuse to the land-owner for a refusal to reimburse the county for the expense of such work.

SAME.—*Obstruction of Ditch by Others.*— *When no Defence to Payment of Assessments.*—Upon appeal to the circuit court from assessments levied by a county surveyor for the repair of a ditch, the appellants can not escape liability on the ground that a large part of the obstruction which rendered the cleaning of the ditch necessary was occasioned by the cattle of some of the other land-owners obstructing the ditch, and that no additional assessment had been levied against such land-owners where they made no effort to prove the amount of additional cost in removing such obstructions. In the absence of such proof the presumption is that the additional cost was merely nominal.

SAME.—*Surveyor Exceeding His Authority.*—*Effect on Payment of Assessments.* —The fact that a county surveyor exceeded his authority in repairing a ditch will not relieve the land-owners from paying for benefits received by the doing of such work as was within the jurisdiction of the surveyor, and where the assessments levied fall short of the amount paid for the repairs by the county, the Supreme Court will presume, in the absence of evidence to the contrary, and in favor of the findings of the lower court that the appellants' lands were not assessed for more than their just proportion of legitimate cost for repairing the ditch.

SAME —*Lands not Liable for Repairs.*—Where lands are not assessed for the construction of a ditch, they can not be assessed for its repair. Elliott's Supp., section 1193.

From the Fulton Circuit Court.

*W. P. Hough, E. Myers* and *S. Keith,* for appellants.

*M. A. Boker, J. Rowley, G. W. Holman* and *R. C. Stephenson,* for appellee.

COFFEY, J.—Section 1193, Elliott's Supplement, provides, among other things, that after the construction of any public ditch the county surveyor of the county in which the proceedings were had for its construction shall keep the same in repair to the full dimensions as to width and depth as required in the original specifications, and certify the cost thereof, including his own *per diem,* to the county auditor, who shall draw his warrants on the county treasurer, payable to the persons to whom the money is owing, which warrants shall, for the time being, be paid out of the county revenue. It provides that the money thus paid out of the county revenue shall be replaced by assessments against the land benefited by the work. It also provides that any person against whose lands assessments are made for that purpose, feeling himself aggrieved thereby, may appeal therefrom to the circuit court. Such appeal is tried by the court, without a jury, and the only question for trial relates to the cost of such repair and what amount thereof shall be assessed against the land of the party appealing.

Assuming to act under the provisions of this statute, the surveyor of Fulton county began the work of cleaning out what is known as the Walters and Cannon ditch in that county, but before the completion of the work his term of office expired and the work was completed by the appellee, who was his successor in office.

Both the appellee and his predecessor issued certificates to those performing the work as it progressed, and those to whom the money was due received their pay out of the county treasury.

For the purpose of reimbursing the county for the money thus paid out the appellee, as the surveyor of the county,

made assessments against the land benefited, and in doing so he assessed land located on what is known as the Walter Mogle ditch, as well as the lands located on the Walters and Cannon ditch. Seventeen of the owners of the land thus assessed, feeling aggrieved by the assessment, appealed therefrom to the circuit court, where, upon a trial, the assessments made against the land on the Mogle ditch were declared illegal, and were set aside, but the assessments made against the land located on the Walters and Cannon ditch were affirmed.

From the judgment affirming these assessments this appeal is prosecuted.

The only questions in the case for our consideration relate to the action of the court in overruling the motion of the appellants for a new trial. It is not denied by the appellants that the county actually paid out the sum of money for which it claims reimbursement, but it is contended :

*First.* That there is a forty-acre tract of land at the mouth of the ditch, through which it runs, and which was benefited by the work, against which no assessment was made.

*Second.* That a large part of the work of cleaning out the ditch was done under the supervision of one O'Dell, who employed men by the day to perform the work, and that it was done without advertising the work in order to invite competition.

*Third.* That a large part of the obstruction which rendered the cleaning of the ditch necessary was occasioned by cattle running on pasture land through which the ditch runs, and that no additional sum was assessed against such land to pay for the removal of such obstructions, but the cost of so doing is distributed throughout the entire assessment.

*Fourth.* That the original specifications for the ditch established it at the width of two feet at the bottom, with a slope of the sides at an angle of forty-five degrees, and under pretence of cleaning the same out, it was enlarged so as

to make it three feet wide at the bottom, with a corresponding increase in width at the top.

Before a consideration of the objections urged by the appellants it is not improper to state the general principles of law, as settled by the decisions of this court, by which we are to be guided in the decision of this cause.

The decision of the county surveyor as to the necessity of repairing a public ditch is final, but the statute which limits the questions for trial upon appeal to the circuit court to the question of the cost of such repair, and the amount which shall be assessed against each tract of land benefited, does not preclude an inquiry into the question as to whether the surveyor acted within his jurisdiction. The jurisdiction, powers and duties of the surveyor are fixed and limited by statute, and he can not, under pretense of repairing, enter upon a new scheme of drainage, but is limited to the duty of repairing such ditches as have already been constructed. *Markley* v. *Rudy,* 115 Ind. 533; *Kirkpatrick* v. *Taylor,* 118 Ind. 329; *Weaver* v. *Templin,* 113 Ind. 298; *Amoss* v. *Lassell,* 122 Ind. 36.

Assuming that the surveyor was acting within the scope of his authority in repairing the ditch, the question as to whether he adopted the best or cheapest plan for its performance is not, in our opinion, open to inquiry. Our attention has not been called to any provision of law which requires him to advertise for bids; and as he is the sole judge of the necessity of making repairs, we think he is also the judge of the means to be employed to accomplish the work. It is not denied that the work done under the supervision of O'Dell cost the amount of money paid for it out of the county treasury, nor is it claimed that any fraud or collusion intervened. The fact, therefore, that the workmen were paid by the day, and that no competition was invited, furnishes no excuse for a refusal to re-imburse the county for the expense of such work.

There was no effort made by the appellants, in their case

in chief, to show that the ditch in question had been ob-
structed by cattle or other stock crossing it. The fact that it
had been so constructed was called out upon an examination
of the witnesses called by the appellee. So far as we have been
able to ascertain from a careful reading of the evidence, there
was no effort made to prove the amount of additional cost
in removing such obstructions; so that the court was left
wholly without the means of adjusting the assessments so
as to relieve those on whose land such obstructions were not
found from such additional cost, if any were incurred. We
can not presume that such additional cost was more than
nominal, without some proof showing the amount.

It is shown by original specifications that the ditch in
question was established at a bottom width of two feet.
That portion of the ditch repaired by O'Dell was given a
bottom width of three feet. There is much conflict in the
evidence as to whether it was given a corresponding increase
in width at the top.

In thus enlarging the ditch we think the surveyor ex-
ceeded his jurisdiction. His duties were to so repair the
ditch as to restore it as nearly as possible to its original con-
dition. But it does not follow that because he exceeded his
jurisdiction in this particular the appellants are to be
relieved from the payment of any assessments. It would be
unjust and inequitable to hold that because the surveyor ex-
ceeded his jurisdiction in some particular the appellants
should be relieved from the payment for benefits received by
the performance of such work as came within the jurisdic-
tion of the surveyor. *City of Indianapolis* v. *Gilmore*, 30
Ind. 414. It appears from an examination of the record
before us that the assessments of land situated on the Wal-
ters and Cannon ditch is more than one hundred and fifty
dollars short of the amount paid out for the improvement
of that ditch. This was occasioned by relieving the lands
on the Mogle ditch from the assessments made against them
to pay for this work. The appellants, on the trial of the

cause, endeavored to show the increased cost occasioned by widening the ditch, but the evidence upon that subject was not of a character to force the conclusion upon the mind of the trial court that the increase exceeded the amount for which lands on that ditch are not assessed. We must presume, therefore, in favor of the finding of the circuit court that it reached the conclusion that the lands of the appellants were not assessed with more than their just proportion of legitimate cost of repairing the ditch. With that conclusion we can not interfere.

The forty-acre tract of land situated at the mouth of the Walters and Cannon ditch is also situated on what is known as the Buckingham ditch which furnishes the outlet for the former. It was, perhaps, assessed for the construction of the latter ditch, and was for that reason not assessed for the construction of the Walters and Cannon ditch. However this may be, it is certain that it was not assessed for the construction of the Walters and Cannon ditch, and by the very terms of the statute above referred to, is not subject to assessment to keep it in repair.

Having carefully examined all the questions in this case presented for our consideration, we are of the opinion that there is no error in the record of which the appellants have a right to complain.

Judgment affirmed.

Filed Oct. 6, 1892.