No. 1,193.

ROMACK, SURVEYOR, v. HOBBS ET AL.

PLEADING.—*Appeal from Surveyor's Assessment for Ditch Repairs.*
—*How Taken.*—No complaint, other than the appeal bond, is
required in an appeal from the surveyor's assessment for costs
of repairing a ditch.

SAME.—*Power to Dispense with Formal Pleadings.*—*Legislature.*—
The Legislature has the power to dispense with formal pleadings in
such cases.

DRAINAGE.—*Repairs.*—*Making Larger than Original.*—*Assessment
Not Void.*—If repairs to ditch made it larger than the original
specifications required, that does not invalidate the entire assess-
ments and relieve the landowner from the payment of all assess-
ments.

SAME.—*Repair of Ditch.*—*Assessment.*—*Appeal, What Questions
May Be Considered.*—If the surveyor proceed under color of the
statute, and in good faith performs the work as nearly as may be
according to the original plans and specifications, he has discharged
his duty, and the only questions for the court to determine are,
whether the appellant's lands are subject to the assessment and
the proportion of such assessment that should be placed upon them.
The question of the propriety of the repairs can neither be reviewed
nor taken into consideration, as upon this the surveyor's decision
is final.

From the Tipton Circuit Court.

*G. H. Gifford, J. M. Fippen* and *W. R. Oglebay,*
for appellant.

*J. N. Waugh, J. P. Kemp, R. B. Beauchamp* and
*W. W. Mount,* for appellees.

REINHARD, C J.—On the 21st day of February, 1888,
the appellee Jacob B. Hobbs filed in the office of the
clerk of the Tipton Circuit Court the following appeal
bond :

Romack, Surveyor, *v.* Hobbs *et al.*

"STATE OF INDIANA, ⎱
COUNTY OF TIPTON, ⎰ SS :

·      "Tipton Circuit Court, February Term, 1888.

"Whereas, Certain lands of Jacob B. Hobbs have been assessed and had been apportioned to him by James L. Romack, as surveyor of the county of Tipton, in the State of Indiana, in the sum of $316.45, for the purpose, as he the said surveyor alleged, of reimbursing the treasury of said county for the cost of the repair and cleaning out of a certain ditch in said county, known and designated on the records of the board of commissioners of said county as Ditch No. 48, and the said Jacob B. Hobbs being aggrieved by the said apportionment and assessment, and desiring to appeal therefrom : Now, therefore, the said Jacob B. Hobbs, as principal, and Andrew J. Hobbs, as surety, are held and firmly bound unto the said James L. Romack, as surveyor of the said county, in the penal sum of $632.90, conditioned that the said Jacob B. Hobbs will duly prosecute his appeal to effect and pay all costs that may be adjudged against him.

"Witness our hands this the 21st day of February, 1888.

"(Sig.) JACOB B. HOBBS.

"(Sig.) ANDREW J. HOBBS.

"Approved 21st February, 1888.

"(Sig.) HENRY H. THOMAS, Clerk."

On the 10th day of May, 1888, the appellant, Romack, filed in said office a copy of the record of assessments of said drain or ditch and a copy of the notices thereof, duly certified by him as such surveyor.   The cause was docketed by the clerk, and at the November term, 1888, of said court it was consolidated with other causes and submitted to the court for trial, the said Jacob B.

Hobbs being designated as plaintiff and the said Romack as defendant. The court having heard all the evidence, took the cause under advisement until the December term, 1888, at which time it made a general finding for the plaintiff and held the assessments null and void. Judgment was rendered on the finding and the appellants filed a motion for a new trial, which was overruled and proper exceptions saved. Within the time fixed by the court the appellants filed their bill of exceptions, and subsequently appealed the cause to the supreme court, whence it was transferred to this court.

The errors assigned are:

"1.    That the complaint does not state facts sufficient to constitute a cause of action.

2.    That the court erred in overruling appellant's motion for a new trial."

In support of the first assignment it is argued by appellant's counsel that whatever objections the appellee Jacob B. Hobbs may have had to the assessment should have been made by him in writing and filed with the surveyor that the latter might consider them, and, if tenable, that he might correct the assessments; that in order to take an appeal from the surveyor to the circuit court it was necessary for said appellee to file a complaint in the circuit court, setting forth his cause of action and showing the facts upon which he relied, and with said complaint file his appeal bond, the latter not being sufficient without a complaint.

This position cannot be maintained. The statute under which the proceedings were had and the appeal was taken provides that after the construction of the work contemplated by the said statute, the county surveyor shall keep the ditch in repair to the full dimensions as to width and depth as required in the original specifications, and certify the costs thereof, including his

own *per diem,* to the county auditor, who shall draw his warrant on the county treasurer, payable to the persons to whom the money is owing, which warrants shall, for the time being, be paid out of the county revenue, but the treasury shall be reimbursed as hereinafter provided.   To raise the necessary money to reimburse the treasury, he shall apportion and assess the cost of such repairs upon the lands adjudged by the court benefited by the construction of the ditch, in like proportion as benefits were assessed against said lands for the construction of said work.   It is further provided that the surveyor shall make a record of such assessment, to be kept in his office and open to public inspection, and shall, within five days after such assessment, post up notices thereof.   It is then enacted that "any person aggrieved may appeal from such assessment to the circuit court of the county where such county surveyor lives, by filing with the clerk of said circuit court, within twenty days from the time such notices are posted, an appeal bond, payable to such county surveyor in twice the amount of his assessment, with surety, to be approved by such clerk, and conditioned that he will duly prosecute his appeal and pay all costs that may be adjudged against him, whereupon said clerk shall issue a notice, in the nature of a summons, to such county surveyor, which shall be served by the sheriff, whereupon said county surveyor shall file with such clerk a copy of the record of such assessment and the notices thereof, when and where posted, which shall be all the pleadings necessary in such appeal, and such appeal shall stand for trial at the same time that an appeal would from a judgment from a justice of the peace.   Such appeal shall be tried by the court, without a jury, and the only question tried shall be to determine

the costs of such repair and what amount thereof should be assessed against the appellant's lands." R. S. 1894, section 5631 (Elliott's Supp. 1193).

From the reading of the above statute, it is readily seen that no complaint, other than the appeal bond, is required, and what the statute does not in terms require we cannot inject into it by construction. That the Legislature had the right to dispense with the necessity for a complaint in an appeal of this character, cannot be doubted. Before 1827 it was not required in actions before justices of the peace that any pleadings whatever be filed previously to going into trial. "The claims of the litigating parties were entirely matters of evidence, without the semblance of pleading." *Perkins* v. *Smith,* 4 Blackf. 299, (301); *Cincinnati, etc., R. W. Co.* v. *Stanley,* 4 Ind. App. 364, (369).

It has long been the recognized rule in this State that no other pleadings are necessary in tribunals of limited jurisdiction than those which the statute requires. It is true the circuit court is not such a tribunal, but in cases of appeals to that court from justices and other inferior tribunals or bodies the same rules are applied as govern the courts from which the appeal is taken. Thus where the statute provided that the filing of the instrument sued on was all the complaint necessary to be filed in a suit before a justice of the peace it was held that in an action on a penal bond commenced before a justice no statement of the demand or averment as to the breaches of the bond was necessary. *Evans* v. *Shoemaker,* 2 Blackf. 237 ; *Vandagrift* v. *Tate,* 4 Blackf. 174 ; *Ruble* v. *Massey,* 2 Ind. 636. It is the common practice in justice of the peace courts simply to file the contract or other chose in action upon which suit is to be brought, and no other complaint or statement of the cause of action is necessary. Certainly if the Legislature has

the power to dispense with formal pleadings in a justice's court, it has also the power to dispense with them in cases of this character.  That it has that power we do not think admits of serious doubt.   The first assignment of error is therefore not well taken.

Did the court err in overruling the appellant's motion for a new trial ?   One of the grounds relied upon for a new trial was the alleged insufficiency of the evidence to support the finding.   Another is that the finding is contrary to law.   As we have seen, the court held the entire proceedings void.   The proceedings were had under and by virtue of the law of 1885, heretofore referred to.   That law provides that the only question triable by the court shall be the total costs of the repairs and what amount thereof shall be assessed against the lands of the appellant.

We are strongly impressed with the view that the court tried this case upon a wrong theory.   It certainly was not the intention of the statute that the court should determine upon the trial of the issues in such an appeal, whether or not the ditch has been cleaned out and left with the same dimensions as the original ditch.   The surveyor is required to follow the original plans and specifications and he cannot stop to inquire how much of the dirt which he is to take out of the drain has fallen into it since its construction, and what portion of it was left in the original ditch.   *Kirkpatrick* v. *Taylor*, 118 Ind. 329.   If he proceed under color of the statute, and in good faith perform the work as nearly as may be according to the original plans and specifications, he has discharged his duty, and the only questions for the court to determine are whether the appellant's lands are subject to the assessment and the proportion of such assessment that should be placed upon them.   The question of the propriety of the repairs can neither be

reviewed nor taken into consideration, as upon this the surveyor's decision is final. *Markley* v. *Rudy*, 115 Ind. 533; *Artman* v. *Wynkoop*, 133 Ind. 17. Whether the ditch was originally smaller than the repairs made it, is not a question to be considered, and even if it is made larger than warranted by the original specifications, the appellant will not be thereby relieved from the payment of all assessments. As said by the supreme court in a recent case: "It would be unjust and inequitable to hold that because the surveyor exceeded his jurisdiction in some particular, the appellants should be relieved from the payment for benefits received by the performance of such work as came within the jurisdiction of the sur-veyor." *Scott* v. *Stringley*, 132 Ind. 378.

That the surveyor had the right and authority to make the repairs in the present case, we think is indisputable. The appellee admitted in his evidence that the proper cost of the repairs was as much as $800.00, while the appellant contended that the proper cost and expense was $2,700. That the appellant was entitled to recover some amount, is, in our judgment, clearly established by the undisputed evidence. The only basis for the contention that the assessments are void is that the repairs made the ditch larger than the original specifications required; but this, as we have seen, does not invalidate the entire assessments. It was the duty of the court to determine the correct amount which the appellee was required to pay.

There are other questions in the record, but as we must in any event adjudge a reversal, and as the same or similar questions may not arise again, we need not pass upon them here. We think the appellant was entitled to a new trial.

Judgment reversed.

Filed September 20, 1895.

* *Scott* v. *Stingly.*