ZIMMERMAN, TREASURER, v. SAVAGE.

[No. 17,702. Filed May 26, 1896.]

DRAINAGE.—*Cleaning and Repairing Ditch.—Notice of Allotment.—
County Surveyor.*—In an action to enjoin the county treasurer from
collecting the expenses of cleaning out and repairing an allotment
of a public ditch, it will be presumed that the county surveyor
gave the proper notices of allotments, as required by section 5634,
Burns' R. S. 1894.

SAME.—*Cleaning and Repairing Ditch.—Allotment.—Collateral At-
tack.*—The order of allotment of a public ditch, by the county sur-
veyor, for the purpose of cleaning and repairing, made upon proper
notice, is not subject to collateral attack, on the ground that a ma-
jority of the persons assessed did not petition for a reapportion-
ment, as an appeal to the circuit or superior court is the exclusive
remedy.

PLEADING.— *Complaint.— Injunction.— Damages.— Township Trus-
tee.*—In an action to enjoin a county treasurer from collecting the
expense of cleaning out and repairing an allotment of a public
ditch, an allegation in the complaint that the plaintiff cleaned the
allotment to the depth originally established, for the year for which
it is claimed the township trustee cleaned the same, does not nega-
tive the legal right of the latter to clean the ditch for that year, in

(124)

Zimmerman, Treasurer, *v.* Savage.

the absence of an allegation that plaintiff's work was to the acceptance of the trustee, as the trustee may determine that an allotment has not been properly cleaned out and repaired, and his decision made in good faith is final.

DRAINAGE.— *Cleaning and Repairing Ditch.— Void Allotment.— Township Trustee.—*A landowner is liable for the expense incurred by a township trustee in cleaning the portion of a public ditch allotted to him by the county surveyor, to the extent that such allotment includes the original allotment for construction, even though the surveyor's allotment is void.

JUDGMENT.— *Injunction. — Drainage.— Township Trustee.— Former Adjudication.—*A judgment in favor of a township trustee, in an action by an allottee of a public ditch, to enjoin the trustee from cutting the channel in his allotment deeper than required by the original plans and specifications, in which the trustee answered by alleging that the allottee had pretended to clean out his allotment, but had failed to clean to the depth required by the original plans and specifications; and that as such trustee he had refused to accept the work done by him, and that he proceeded to clean the same out to the original depth and width, is conclusive as to the right of the trustee to clean the allotment, in a subsequent action to enjoin the county treasurer from collecting the expense of cleaning out the same.

From the Fulton Circuit Court.    *Reversed.*

*Holman & Stephenson,* for appellant.

*Connor, Rowley & McMahan,* for appellee.

MONKS, C. J.—Appellee brought this action to enjoin appellant, as county treasurer, from collecting the expense of cleaning out and repairing appellee's allotment of a public ditch.

Appellant demurred to the complaint for want of facts, which was overruled. Appellant filed an answer in two paragraphs, to the second of which appellee filed a reply. The cause was tried by the court, and at the request of the parties, the court made a special finding of facts, and stated its conclusions of law thereon, and over a motion for a new trial judgment was rendered in favor of appellee. The errors assigned call in question the action of the court in

overruling the demurrer to the complaint; the correctness of each of the conclusions of law, and the action of the court in overruling the motion for a new trial.

The complaint, so far as necessary to determine the questions presented, is substantially as follows: Appellee is now, and has been for twenty-five years, the owner of the following real estate (describing it); that a public ditch was established by the board of commissioners of Miami county in 1878, and that said ditch was through the lands above described; the allotments for construction were made by the reviewers, and 4,068 feet thereof was allotted for construction to appellee, who constructed the same according to the plans and specifications; that after the construction of the ditch, he, and those acting under authority of law, have cleaned that part of said ditch allotted to him, to the depth thereof originally established by the board of commissioners, to and including the year 1892; that in the allotment made by the surveyor, and the only one that has been made since the construction of the ditch for the purpose of apportioning it for cleaning out or repairing, appellee avers that a majority of the persons whose lands were assessed with benefits for construction of said ditch, did not petition the surveyor to reapportion the same for the purpose of cleaning out and repairing; that on the — day of July, 1893, one William Belt, trustee of Allen township, in said county, by virtue of his office, in pursuance of a claim made by him of cleaning out and repairing said ditch, entered upon plaintiff's lands and dug and deepened said ditch three feet below the original depth of said ditch as established, westward through appellee's land a distance of 4,068 feet, and for the work aforesaid, and no other, the said Belt, as such trustee, under his hand, certified to the auditor of Miami county, a sum in gross of $210.96, which said

auditor charged against said lands on what is called the ditch tax duplicate, but did not extend said sum on the tax duplicate against said land, or any portion thereof; that said auditor has delivered the ditch tax duplicate, containing said assessment, to said Zimmerman, treasurer of said county, who is threatening to collect said sum of money from appellee, and unless restrained and enjoined, will sell appellee's property, of which he owns a large amount, and in that way irreparably damage appellee. And appellee says that the court should enjoin appellant from collecting said sum for the further reason that said act of 1891, in section 2, provides that the work of repairing ditches by township trustees shall be done only after notice from the trustee to the landowner, which notice must be given before the first day of August, of each year. And further provides that the work of cleaning out and repairing ditches or drains shall be performed between the 1st day of August and the 1st day of November, in each year, only in pursuance to such notice, given prior to August 1; that no notice was given appellee by said Belt, trustee, as aforesaid, at any time in the year 1893, to clean out, repair, or to do any work whatever upon said ditch, or any part thereof, and that whatever work the said Belt did, or caused to be done, before or after August 1, 1893, and during said year, the same was without notice to appellee. And the said appellant should be enjoined from collecting the said sum for the further reason that by the allotments, as set out in the reviewer's report, the same were against the said lands of appellee's as follows: Station 21 x 32 down stream to station 62, a total length of 4,068. But he says the allotment against said lands, as the same was made by the county surveyor, was from station 107 x 54 to station 48 x 22, a distance of 4,068, and that the allotments

so made, for the purpose of cleaning out and repairing said ditch, are not the same as they were for the construction thereof, but the allotments as made extend the allotments down stream about one hundred feet below said station 62, and in that respect the allotments for repairs and in violation of the law which requires them to be the same as for construction. Wherefore appellee prays for injunction, etc.

Section 5633, R. S. 1894 (section 2, Acts 1889, p. 53), authorizes the county surveyor to allot to the owner of each tract of land assessed for the construction of a drain or ditch, the portion he should annually clean out and keep in repair, provided, that when the ditches were originally alloted for construction by reviewers appointed by the board of county commissioners, the allotments shall remain the same for repairs, unless a majority of the parties assessed shall petition for a reapportionment, under the provisions of this act.

Section 5634, R. S. 1894, provides that the surveyor shall give notice to the landowners of the time and place he will hear objections to such allotments. Section 5635, R. S. 1894, makes provision for the hearing, and section 5635, R. S. 1894, gives any person aggrieved the right to appeal from such order of the surveyor to the circuit or superior court. It has been repeatedly held, by the courts of last resort in this State, that if such notice was given by the surveyor, that the only remedy was by appeal. *Beatty* v. *Pruden*, 13 Ind. App. 507 ; *Terre Haute, etc., R. R. Co.* v. *Soice*, 128 Ind. 105; *Davis* v. *Lake Shore, etc., R. R. Co.*, 114 Ind. 364; *Trimble* v. *McGee*, 112 Ind. 307.

The presumption is that the county surveyor gave proper notice of the allotments made to appellee, and

all other parties, and there is no allegation in the complaint to the contrary.

Whether or not a majority of the persons assessed petitioned for a reapportionment, was a question to be determined by the surveyor before making any allotment, and which could have been presented by appellee at the time when, and place where, the surveyor heard objections to such allotment, and could have been raised on appeal to the circuit or superior court. This not having been done, the order of the county surveyor, in making the allotment, cannot be attacked collaterally.

The allegation that appellee, and those acting under authority of law, have cleaned that part of the ditch allotted to him, to the depth originally established, to and including the year 1892, does not state facts showing that the township trustee had no legal right to clean out the ditch for the year 1892.

If the work for which the $210.96 expense was incurred was done in July, 1893, as alleged, it will be presumed that it was to complete the repair of 1892, as no facts are stated showing the contrary.

There is no allegation that the township trustee did not notify him in 1892, as required by the provision of section 5638, R. S. 1894, within what time, between August 1 and November 1, of said year, he was required to clean out that part of the ditch allotted to him. Neither is it alleged that he, or anyone else, cleaned out his allotment for the year 1892, to the acceptance of the township trustee. *Norris* v. *Tice*, 13 Ind. App. 17. The presumption is that the township trustee discharged his duty in every respect, and such presumption can only be overcome by alleging such facts as show the contrary. It is for the trustee to decide whether an allotment of a ditch has been properly

cleaned out and repaired, and, although a person may have cleaned out and repaired his allotment of a ditch, it is the duty of the trustee to determine whether the same has been properly done, and if, in the exercise of that discretion, the trustee decides that the same had not been cleaned out to the depth and width of the original plans and specifications and, in good faith, causes the same to be cleaned out and repaired, as nearly as may be according to such plans and specifications, he has discharged his duty, and the question of the propriety of the repairs can neither be reviewed nor taken into consideration, for the reason that upon this question the decision of the trustee is final. *Artman* v. *Wynkoop*, 132 Ind. 17, and cases cited on p. 19; *Romack* v. *Hobbs*, 13 Ind. App. 138.

There is no allegation in the complaint showing that the township trustee acted corruptly or in bad faith in cleaning out and repairing appellee's allotment of said ditch.

Even if the alleged allotment made by the county surveyor was void, yet to the extent that the trustee, in good faith cleaned out that part of the ditch allotted by the reviewers to appellee for construction, he would be liable to pay therefor. *Scott* v. *Stringley*, 132 Ind. 378; *Romack* v. *Hobbs*, *supra*.

We think, therefore, that the court erred in overruling the demurrer to the complaint.

For the same reasons, each of the conclusions of law was erroneous.

It appears, from the evidence, that said ditch had become partially filled up, and it was necessary to clean out and repair the same. In order to ascertain the depth and width, it was proper to clean out said ditch so as to conform to the original plans and specifications, Belt, the trustee of Allen township, procured Jackson, a civil engineer, to make a survey

Zimmerman, Treasurer, *v.* Savage.

thereof, and set the grade stakes along the bank, showing the depth and width, according to the original plans and specifications. Such survey was completed July 17, 1891, and the township trustee, in July, 1892, served a written notice on appellee to clean out and repair the part of the ditch allotted to him by the reviewers for construction, to the full width and depth required by such survey; that, pursuant to such notice, appellee cleaned out and repaired, as he claimed, the 4,068 feet allotted to him for construction by the reviewers, which work was done by him before November 1, 1892. The township trustee refused to accept the work as completed, for the reason that it was not cleaned out to the depth and width required by the original plans and specifications, as shown by the survey of Jackson, the civil engineer, made in 1891. Appellee contended that the survey of Jackson required the ditch to be cleaned out from one to three feet deeper than the original plans called for, and refused to clean out said ditch to any greater depth or width; thereupon the township trustee, after the 1st of November, 1892, employed a number of men, and proceeded to clean out appellee's allotment of said ditch to the width and depth shown by the Jackson survey.

After about one thousand feet of appellee's allotment had been cleaned out to the width and depth as shown by said survey, he commenced an action in the Miami Circuit Court against said township trustee and the others, to enjoin them from cutting the channel deeper than required by the original plans and specifications, alleging, among other things, that said trustee had dug the part already cleaned out three feet deeper than the original depth, as shown by the plans and specifications. The allegations in said complaint were substantially the same as those

in the complaint in this case, except the defendants in that action were the trustee and those acting under his directions.   Belt, the township trustee, filed a second paragraph of answer, in which he alleged "that he was cleaning out appellee's allotment to the depth and grade as originally established, as shown by the Jackson survey, and that he had examined and accepted the work already done under his direction and completed to the point indicated in the complaint.

The plaintiff (appellee) pretended to clean out such portion of the ditch allotted to him, but has failed and refused to clean out to the depth required by the original plans and specifications, and that, as such trustee, he had refused to accept the work so done by him, and is proceeding to clean the same out to the original depth and width, without enlarging or cutting the banks," etc.

The cause was tried by the court, and a finding made in favor of Belt, township trustee, and his co-defendants, and judgment rendered accordingly. Afterwards, the township trustee caused all of said ditch to be cleaned out to the depth and width required, as shown by the Jackson survey, and the expense of cleaning out appellee's allotment, incurred and paid by the township, was $210.96, which was certified by him to the county auditor, to be placed on the tax duplicate for collection.

The adjudication in said cause was pleaded by appellant in his second paragraph of answer, in bar of this action.   During the progress of the trial the papers and entries, including the final judgment in said cause, were offered in evidence by appellant in support of his answer of former adjudication, but were excluded by the court.

This action of the court is specified as one of the causes for a new trial.

We think the court erred in excluding said record. The subject-matter of the litigation in that cause was whether the trustee had the right to make said repairs, on account of which the expense of $210.96 was incurred and paid by the township trustee, the collection of which is sought to be enjoined in this action. The issues, and the evidence required to establish such issues in that case, were the same as in the case at bar. All the questions in this case might have been litigated in that.

It is settled law in this State, that whenever a matter is adjudicated and finally determined by a competent tribunal, it is considered forever at rest. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated. *Parker* v. *Obenchain,* 140 Ind. 211; *Wilson* v. *Buell,* 117 Ind. 315, and authorities cited.

But appellee insists that the doctrine of former adjudication cannot apply, because the parties are not the same. Appellant is only a nominal party, the real party in interest is the township of Allen, represented by its trustee. *Stingley* v. *Nicholls, supra;* Bigelow Estop., 119, 120.

Allen township is the only party financially interested in the collection of the $210.96. This amount has been paid out of its treasury for the expense of cleaning out appellee's allotment. The appellant is charged by law with the collection of $210.96 for said township, and when collected the same must be paid over to the trustee thereof. His authority to collect the same depends upon whether the township trustee had the right to clean out and repair appellee's allotment of said ditch, in the manner in which he did. In the case brought by appellee against the trustee, the Miami Circuit Court adjudged that the trustee had the

right to clean out and repair said ditch to the depth and width as shown by the Jackson survey. After such adjudication, the township trustee completed said work according to said survey, and thereby incurred said expense, which he paid and certified to the county auditor for collection.

Appellant, in collecting the $210.96, acts as the agent of, and represents the township, just as did the township trustee in cleaning out the ditch and paying therefor. In the first case, the action was against the principal; in this case, the action is against the agent.

It is clear, we think, that the parties in interest are the same in each case. *McCleskey* v. *State, ex rel.*, 4 Tex. Civ. App. 322; *Baker* v. *State, ex rel.*, 109 Ind. 47; Herman Estop., sections 85, 108, 109, 152; Bigelow Estop., 119, 120.

It follows, therefore, that the court erred in overruling the motion for a new trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.