## STATE, EX REL. WYATT, *v.* BAGBY ET AL.

[No. 3,935.    Filed October 9, 1902.]

APPEAL AND ERROR.—*Courts.—Jurisdiction.—Action within Jurisdiction of Justice of the Peace.—Construction of Statute.*—An action on a constable's bond for damages in the sum of $30, being within the jurisdiction of a justice of the peace, under §850 Burns 1901, an appeal from a judgment therein to the Appellate Court is prohibited by §1337h Burns 1901; but where in such appeal it appears that the construction of the statute relative to the fees of a constable is presented, the appeal will be transferred to the Supreme Court.

From Allen Circuit Court; *J. H. Aiken,* Special Judge.

Action by the State on the relation of Jacob Wyatt against Albert L. Bagby and others on the bond of Albert L. Bagby as constable. From a judgment for defendants, plaintiff appeals. *Transferred to Supreme Court.*

*W. C. Geake* and *W. N. Ballou,* for appellant.
*W. Leonard* and *E. Leonard,* for appellee.

ROBINSON, J.—An affidavit having been filed before a justice of the peace against Wyatt, a warrant for his arrest and a subpoena for a prosecuting witness were issued and delivered at the same time to Bagby as constable. The defendant Wyatt and the witness lived near each other eleven miles distant from the justice's office. Bagby served both the warrant and the subpoena upon the same occasion or trip, and charged and collected separate mileage on each writ for the total number of miles traveled. Appellant claims the mileage fees were excessive, and sued in the circuit court upon Bagby's official bond, asking $30 damages.

Counsel have argued the merits of the controversy, but it must first be determined whether this court has juris-

diction. Constables are required to give official bonds. §8050 Burns 1901. The statute provides that, "official bonds of officers may be sued on before justices, where the damages claimed for breach of the condition thereof do not exceed $200." §1512 Burns 1901; *Evans* v. *Shoemaker,* 2 Blackf. 237; *Olds* v. *State, ex rel.,* 6 Blackf. 91. Section 6 of the act of March 12, 1901 (§1337f Burns 1901), provides that no appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace, except as provided in §8 of that act.

The transcript in this case was filed on the 15th day of May, 1901. The appeal was therefore taken after the act of March, 1901, went into effect. *Fitch* v. *Long, ante,* 463; *Lake Erie, etc., R. Co.* v. *Watkins,* 157 Ind. 600. This brings the case within §6, *supra,* as this is a civil case which is within the jurisdiction of a justice of the peace. Section 8 of the act of March 12, 1901 (§1337h Burns 1901), provides: "Every case in which there is in question, and such question is duly presented, either * * * or the proper construction of a statute, * * * and which case would be otherwise unappearable [unappealable] by virtue of section six or section seven, shall be appealable directly to the Supreme Court for the purpose of presenting such question only." Under the above provisions no appeal, after that act is effective, can be taken to this court in any civil case which is within the jurisdiction of a justice of the peace. And no appeal can be taken to any court in such case, unless the case falls within one of the exceptions enumerated in §8. If the case is within an exception, jurisdiction is exclusively in the Supreme Court.

The question presented by the record is the proper construction of the statute relating to fees of constables. §8060 Burns 1901. As the case is within the jurisdiction of a justice of the peace, and the question presented is the

proper construction of a statute, jurisdiction is in the Supreme Court. The case is, therefore, transferred to the Supreme Court.