## BUETER, TREASURER, ET AL. *v.* AULBACH.

### [No. 9,091. Filed November 10, 1916.]

1. DRAINS.—*Cleaning Ditch.—Expenses.—Action to Enjoin Collection.—Complaint.—Sufficiency.—*In an action to enjoin a county treasurer from collecting, under §6152 *et seq.* Burns 1914, Acts 1907 pp. 527, 600, relating to the repair and cleaning of ditches, the expenses of cleaning out a landowner's allotment of a public ditch, where the complaint alleges that the landowner had been notified by the township trustee to clean and repair according to the original specifications certain sections of a ditch which had been regularly allotted to him, that within the time specified in the notice the work allotted was completed in conformity with the specifications, and that the trustee, after notice of the performance of the work, accepted it as completed in accordance with the specifications, such complaint is sufficient as against objections that it does not sufficiently allege the acceptance of the work by the trustee as completed by the landowner, or when the work was done by him, or that he completed the work according to the requirements of the notice given by the trustee, and that the contents of the notice were not disclosed. p. 92.

2. APPEAL.—*Review.—Findings of Facts.—Contradictions in Evidence.—*Where findings of facts are supported by substantial evidence, they cannot be disturbed on appeal because there are contradictions in the evidence given at the trial. p. 94.

From Allen Circuit Court; *William C. Ryan,* Special Judge.

Action by Louis J. Aulbach against J. Herman Bueter, treasurer of Allen County, and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Harper & Fuelber,* for appellants
*John H. Aiken,* for appellee.

CALDWELL, C. J.—Two alleged errors are sufficiently presented: The overruling of the demurrer to the complaint, and the denial of a new trial. The substance of the complaint is as follows: Appellee is the owner of certain described lands in Adams township, Allen county, which lands were owned by Hartzell in 1911. The lands are traversed by the

Schmidt and the Bender public ditches. In July, 1911, Fenker, as township trustee, notified Hartzell to clean and repair to the original specifications certain sections of said ditches, which sections had been regularly allotted to him as landowner to that end. Hartzell completed the work as required by the notice and specifications and subsequently conveyed the lands to appellee. Fenker, as trustee, claiming to have had such work done by some person other than Hartzell, had caused the expense thereof to be placed upon the tax duplicate to be collected as other taxes are collected, and that appellant Bueter, as treasurer of Allen county, was threatening to sell the lands to that end. The prayer was for an injunction. On application duly made, the court issued an order restraining the sale of the lands until the further order of the court, which order, on a trial, was made permanent as an injunction.

Of the points directed to the insufficiency of the complaint, the following are based on memoranda filed with the demurrer thereto, and are therefore entitled to

1. consideration: That the complaint does not sufficiently allege the acceptance of the work as completed by Hartzell, or when the work was done by him, or that he completed the work according to the requirements of the notice, and that the complaint does not disclose the contents of the notice. There is a specific allegation that certain described sections of each of the ditches had been regularly alloted to Hartzell as landowner biennially to clean and repair. It is alleged also that in July, 1911, appellant Fenker, as trustee, notified Hartzell to clean and repair such allotments, and that he presented to Hartzell the specifications descriptive of the limits of the work to be done, and "that said Hartzell did within the time so specified do and complete said work on his said allotments, and in conformity to said specifications, and immediately thereafter notified the said defendant trustee that said work was completed, whereupon said defendant trustee inspected

said work and found it performed and completed in conformity to the specifications and accepted said work from said Hartzell, and discharged this plaintiff's said land from further liability on account of said work.'' There follow allegations to the effect that, notwithstanding that Hartzell did said work and that it had been accepted by the trustee, the latter claims to have had the work done by some other person and that he had caused the alleged expense thereof to be placed upon the tax duplicate, etc.

In our judgment the complaint is not open to the objections urged. The statute provides that subject to exceptions not applicable here, all public ditches shall be cleaned and repaired under the supervision of the proper township trustee. The county surveyor when directed so to do by the trustee is required to fix and determine the portion of each of such ditches as is involved here, that each interested landowner shall biennially clean and repair. It is made the duty of the trustee to procure from the county surveyor a description of the allotments of each ditch within his jurisdiction, and biennially prior to August 1st to fix a time within which each allotment shall be completed, and to notify each affected landowner accordingly. Each landowner is required to appear before the trustee on a day fixed by the notice and declare his intention to clean his allotment and to execute to the trustee an undertaking providing for the completion of the work within the specified time, and according to the original specifications. The notice to the landowner is sufficient if it names the ditch, the owner of the land, describes the allotment, and specifies the time within which the work shall be done, and the time when the landowner shall appear to declare his intention, etc. There are provisions requiring the trustee to inspect the work on its completion, and other provisions to the effect that when a landowner fails to appear and declare his intention and execute such undertaking, or fails to complete the work, the trustee shall proceed to cause it to be done

by others, and other provisions providing several remedies, including that pursued here, by which the expense of the work may be collected from the landowner. §6152 et seq. Burns 1914, Acts 1907 p. 527, 600.

The complaint here discloses that the trustee delivered to Hartzell, with the notice, specifications to guide him in cleaning the allotments assigned to him. It should be presumed that such specifications were in harmony with the original specifications under which the ditch was constructed, since the landowner's statutory undertaking as executed to the trustee is required to be to that effect. Hartzell thereupon completed the work according to such specifications and within the time specified by the notice. By so doing he performed the work as specified by the statute. §6157 Burns 1914, Acts 1907 p. 530. It was, however, the province of the trustee rather than Hartzell to determine whether the allotments had been properly cleaned and repaired. Zimmerman v. Savage (1896), 145 Ind. 124, 44 N. E. 252. In recognition of such fact Hartzell notified the trustee that the work was done, whereupon the latter inspected it and found it to be completed according to the specifications and presumably as required by the statute, and he thereupon accepted the work as completed and indicated such acceptance by discharging the appellee's land from further liability on account of such work. The court did not err in overruling the demurrer to the complaint.

At appellants' request, the court made a special finding of the facts and stated conclusions of law thereon. Appellants' exceptions to the conclusions were subsequent-

2. ly withdrawn. The assignment based on the overruling of the motion for a new trial presents for our consideration the single question of whether the facts were correctly found as measured by the evidence. While certain other comparatively immaterial questions relating to the sufficiency of the evidence are discussed in the brief, those of controlling importance are whether there was evi-

dence that Hartzell did complete such repair work to the limits of the original specifications as designated by the notice and required by law, and whether appellant trustee accepted the work as so completed. The finding on these questions was in favor of appellee. A careful inspection of the recorded testimony on these important questions discloses that there is some confusion and uncertainty, and that in a number of respects there are contradictions. From such a condition it is the province of the trial court to evolve the facts. The trial court has done so. The finding is supported in every material and controlling matter by substantial evidence. The fact that such evidence is in some respects contradicted by other evidence does not authorize this court to interfere. The judgment is affirmed.

NOTE.—Reported in 114 N. E. 8.