THE STATE ex rel. HILES vs. THE BOARD OF SUPERVISORS OF WOOD COUNTY.

*October 1— October 14, 1884.*

*Towns: Vacation: "Division:" County board.*

The vacation of a town and attachment of all its territory to several other organized towns, is not the *division* of a town within the meaning of sec. 671, R. S., and may therefore be done by the county board without complying with the requirements of that section.

CERTIORARI to the Board of Supervisors of *Wood* County.

The case is stated in the opinion.

For the relator there was a brief signed by *Morrow & Masters*, of counsel, and oral argument by *Mr. Morrow.*

*Geo. L. Williams*, District Attorney, and *Geo. R. Gardner*, of counsel, for the respondent.

LYON, J. A writ of *certiorari* was issued out of this court to the board of supervisors of Wood county, upon the petition of George Hiles, to bring here for review the proceedings and ordinance of that board in the matter of vacating the town of Dexter, in such county.

This court exercises its original jurisdiction herein, because it appears that the judge of the seventh judicial circuit has property affected by such ordinance, and the public interests require an early and authoritative adjudication of the matters involved in the case.

The case has been heard on the petition of the relator, and the return of the defendant in error thereto. It appears from such petition and return that the board of supervisors of Wood county, at a legal meeting thereof, passed an ordinance, which was afterwards duly published, in which, in the first section thereof, it vacated the town of Dexter, theretofore one of the organized towns of Wood county. By each of the four sections next following, a part of the territory of the vacated town is attached to and made a part of an adjoining organized town. The whole territory formerly included in Dexter was thus disposed of. The ordinance contained other sections for disposing of the records and property of the vacated town, not material to the determination of this case.

The ordinance was passed by a vote in its favor of more than a majority of all the members entitled to seats in such county board, as required by sec. 670, R. S., but none of the requirements of sec. 671, in respect to the division of towns, were complied with. The only question to be determined

is, Do the requirements of sec. 671 apply to the case? We are clearly of the opinion that they do not.

The powers of county boards of supervisors to set off, organize, vacate, and change the boundaries of towns are legislative in their character, and are conferred by authority of art. IV, sec. 23, of the constitution. Those powers are limited only by the provisions of the statute. The only limitation or condition imposed by the statute on the power to vacate towns is that a town shall not be vacated unless a majority of all the members elected to seats in the county board shall so decide. R. S. sec. 670. In this case such majority of the board did decide to vacate the town of Dexter.

But it was ingeniously argued by the learned counsel for the relator that the ordinance under consideration in fact made a division of the town of Dexter, and was, therefore, invalid, because the requirements of sec. 671, relative to the division of towns, were not complied with. We cannot adopt this view. We think it cannot be correctly said that this ordinance is one dividing the town of Dexter. It vacates that town absolutely, and then proceeds to attach the territory thereby left unorganized to certain organized towns adjacent thereto. It was the clear duty of the board to extend organized town government over such territory. Under existing laws it is only through the machinery of town government that property outside of municipalities can be assessed for taxation, or taxed, or that electors, not residing in municipalities, can exercise the right of suffrage.

We perceive no good reason why provision may not be made in the same ordinance for vacating a town and for extending town government over the unorganized territory which constituted the vacated town, as well as to make two ordinances to accomplish the same result. In either case, the provisions for attaching the territory to organized towns are not operative — in the nature of things cannot be — until the ordinance vacating the town has taken effect. See *State ex*

*rel. Hudd v. Timme*, 54 Wis. 318. Hence, when that part of the ordinance in question, which attached the territory once situated in the town of Dexter to other towns, became operative, there was no town of Dexter to divide, and the provisions of sec. 671 are not applicable.

It is believed that the boards of supervisors throughout the state have uniformly acted upon the view of the statute above indicated. In none of the previous cases affected by the vacating of towns, which have reached this court, has there been any suggestion that sec. 671 was applicable to such a proceeding. No one can foresee the mischief that would result were we to construe the statute differently.

Our conclusion is that the ordinance is valid. It must therefore be affirmed.

*By the Court.*— Ordered accordingly.