Filed Jan. 9, 1895.

---

No. 17,234.

## PARKER ET AL. *v.* OBENCHAIN.

FORMER ADJUDICATION.—*Extent of Application of Rule.*—The defense of former adjudication embraces not only what was actually determined in the former proceeding, but also extends to every other matter which the parties might have litigated in the case.

SAME.—*Validity of Execution Against Replevin Bail.*—Where it has been adjudged that an execution against parties as replevin bail is valid, their liability as such is forever at rest, and can not again be brought in question.

APPELLATE COURT PRACTICE.—*Transcript in Evidence.*—*Appeal.*—A transcript of a former proceeding which is in the record only as evidence given at the second trial, can only be considered as evidence in the appellate tribunal, and not as a separate appeal.

From the Morgan Circuit Court.

*W. R. Harrison*, for appellants.
*C. G. Renner*, for appellee.

MONKS, J.—The appellants, on the 28th day of February, 1893, filed a motion in the court below to set aside and quash an execution, issued December 8, 1892, against one Kelso as principal and appellants as replevin

bail, on a judgment rendered by said court on the 9th day of February, 1892, in favor of appellee against one Kelso.

Appellee filed an answer to said motion in two paragraphs; the first was a general denial, the second was a plea of former adjudication.

A reply was filed to the second paragraph of answer. The cause was tried by the court and, over a motion for a new trial, judgment rendered in favor of appellee.

It appears from the evidence, that on December 30, 1892, appellants filed a motion in said court to set aside and quash the same execution as the one mentioned in the motion in this case, for the reason that said appellants, nor either of them, at any time became or were such replevin bail on said judgment; that the proceedings in that case were between the same parties and the same issues were involved, as in this; that said cause was tried by the court; that the court found against the appellants, and adjudged that said execution was valid and binding upon appellants as replevin bail. The plea of former adjudication is clearly established by the evidence.

It is settled law in this State that whenever a matter is adjudicated and finally determined by a competent tribunal, it is considered forever at rest. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case. *Wilson* v. *Buell*, 117 Ind. 315, and authorities cited.

The court below having adjudged in the first proceeding, commenced December 30th, by appellants against appellee, that the said execution was valid and binding on appellants as replevin bail, their liability as such must be considered as forever at rest, and can not be again brought in question in this case.

At the trial of this cause below appellee, to sustain his answer of former adjudication, gave in evidence a complete record of all the papers, entries, and a bill of exceptions in the first case to set aside said execution. This transcript of the record, in that case, had indorsed upon it an assignment of errors by appellants, and the same is set forth in the record in this cause, with the other evidence given at the trial.

Appellants' learned counsel insists that this transcript of the proceedings in the first case be treated as a separate appeal, if necessary. Such transcript being in the record only as evidence given at the trial of the second motion, can only be considered as such in this court.

There is no available error in the record.

Judgment is, therefore, affirmed.

JORDAN, J., took no part in this case.

Filed Feb. 19, 1895.