## GUTHEIL *v.* GOODRICH ET AL.

[No. 19,469.   Filed February 18, 1903.]

JUDGMENT.—*Former Adjudication.*—*Pleading.*—Where a pleading states the same facts as were set out in a former pleading in an action between the same parties in interest, their representatives or privies, suing or being sued in the same quality or character, which facts were either admitted or traversed in the former action, and it appears that there was a final adjudication of the matters in issue by a court of competent jurisdiction, then the question of the truth or falsity of the matters in issue, as between the same parties, is considered as forever settled by the adjudication upon them. *p. 95.*

SAME.—*Former Adjudication.*—*Fraudulent Sale of Corporate Stock.*—An action by the seller against the buyers of corporate stock for damages, charging fraud in procuring the sale, can not be maintained, where there has been a judgment against such seller in a previous suit by him against the buyers to rescind the sale. *pp. 93-95.*

FRAUD. — *Rescission of Sale.* — *Complaint.* — *Parties.* — *Uncertainty.* —A complaint, in a suit to rescind a contract for the sale of corporate stock on the ground of fraud, set forth conduct of the defendants which, if proved, would entitle plaintiff to a rescission, and joined as defendants the necessary or proper parties each of whom, under the allegations, would be required to answer. *Held*, that the complaint was not void for uncertainty as to parties. *p. 96.*

JUDGMENT.—*Former Adjudication.*—In a suit to rescind a contract on the ground of fraud, the court found for the defendants, and that there was no fraud. *Held*, in a subsequent action for damages by the same plaintiff against the same defendants, and based upon the same alleged fraud, that a plea of former adjudication was good, although there had been a special finding on the former trial that plaintiff had opportunity to have ascertained the facts prior to the time of the alleged fraud. *p. 96.*

From Randolph Circuit Court; *W. O. Barnard*, Judge.

Action by Charles Gutheil against James P. Goodrich and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. W. Ryan* and *W. A. Thompson*, for appellant.

*J. J. Cheney, J. W. Macy, J. S. Engle* and *W. G. Parry*, for appellees.

Gutheil *v.* Goodrich.

Dowling, J.—Suit by appellant against appellees for damages said to have been sustained by him by reason of alleged fraudulent acts of the appellees, whereby he was induced to sell and transfer to them eighty shares of the capital stock of the Rock Oil Company, owned by him. The rulings on demurrers to the special answers of the appellees are assigned for error.

The appeal was taken before the passage of the act of 1901 (Acts 1901, p. 565), and the jurisdiction of the cause is in this court by reason of the amount involved.

The substance of the complaint is that the appellant was the owner of eighty shares of the capital stock of the Rock Oil Company, a corporation organized under the laws of this State, for the purpose of drilling wells for natural gas, and to lay pipes and furnish such gas for the use of the citizens of the town of Winchester, in Randolph county, Indiana, and the vicinity of said town; that wells were drilled by said company; that the appellees, or some of them, were officers of the said company, and had special facilities for knowing the character of the wells so drilled, and the quantity of gas produced by them; that the supply of gas was ample, and the demand large, and for that reason the value of the capital stock was great; that the appellees, for the purpose of inducing the appellant to sell his stock for less than it was worth, fraudulently made to him false reports concerning the condition and flow of the wells; that they fraudulently obstructed the mains, by inserting a piece of iron at a flange joint thereof; that they falsely declared that they were disappointed in the venture, and intended to sell their stock at a reduced price, and pretended to make such sales; that appellant was ignorant of all these matters, reposed great trust and confidence in the appellees, believed and relied upon their representations, and, in consequence thereof, sold his stock for much less than it was worth; that the appellees, directly or indirectly, by their friends and relatives, became the owners of said

stock; that immediately thereafter said obstruction was removed from the mains; that said company did a prosperous business, and the value of said stock advanced to several times the amount paid to the appellant per share, and that large dividends were paid by said company; that all of said fraudulent acts were concealed from and were unknown to the appellant until long after he had transferred his stock, etc. These facts, with others of a similar nature, were stated at great length, and with much minuteness of detail in the complaint, but the foregoing abstract is sufficiently full for the purposes of this decision.

The answers of the several appellees set up substantially the same matters of defense, and the questions presented by the demurrers to them are, in legal effect, the same. Each answer alleges that before the commencement of the present action the appellant brought a suit in the Randolph Circuit Court to rescind his contract for the sale of his said stock and to recover the shares so sold; that the venue of said cause was changed to the Wayne Circuit Court; that the matters set up in the complaint in that suit, —all of which are specifically pleaded,—and those averred in the complaint in the present action are the same; that the said cause was duly tried by the court, and a special finding made, with conclusions of law thereon; that the finding and judgment in that case were against the appellant; that all the matters in controversy under the present complaint were tried and determined in the former action, and that the appellant is bound thereby. Some of the answers proceed upon the ground that by his former suit the appellant elected a different and inconsistent remedy. The others are pleas of a former adjudication.

We think it entirely clear that the supposed election of an inconsistent remedy by the appellant in the former action is unimportant, but that the question presented is whether it appears from the answers that there was a former adjudication of the matters set out in the complaint

as the basis for a recovery of damages. The doctrine of *res judicata* covers a wide and interesting field of learning, and the cases in which it has been defined and applied are almost without number. The questions we are called upon to decide, however, are governed by one or two plain principles, which are decisive of this controversy. Where a pleading states the same facts as were set out in a former pleading in an action between the same real parties in interest, their representatives or privies, suing or being sued in the same quality or character,—which facts were either admitted or traversed in the former action,—and it appears that there was a final adjudication of the matters so in issue by a court of competent and complete jurisdiction, then the question of the truth or falsity of the matters so in issue, as between the same parties, their representatives or privies, is considered as forever settled by the adjudication upon them. And by the term, "matters in issue," we think must be included not only the object of the suit or the particular right or defense sought to be recovered or established, but all the facts material to the issue from which such object or remedy, cause of action or defense, was deduced. *Greenup* v. *Crooks,* 50 Ind. 410; *Stringer* v. *Adams,* 98 Ind. 539; *Indianapolis, etc., R. Co.* v. *Center Tp.,* 130 Ind. 89; *Gilmore* v. *McClure,* 133 Ind. 571; *Stanton* v. *Kenrick,* 135 Ind. 382; *Parker* v. *Obenchain,* 140 Ind. 211; *Kitts* v. *Willson,* 140 Ind. 604; *Moore* v. *Horner,* 146 Ind. 287; *Thomas* v. *Thompson,* 149 Ind. 391; *Porter* v. *Fraleigh,* 19 Ind. App. 562; 21 Am. & Eng. Ency. Law, 187, 227; Van Fleet, Former Adjudication, 54. The facts averred in the complaint in this action and those alleged in the complaint in the former suit being the same, and it having been adjudged that the matters stated in the former action were not true, and that none of the fraudulent acts with which the appellees were charged were committed by them, it follows that the answers in the present suit stated a sufficient defense to the complaint herein.

The point is made by counsel for appellant that the complaint filed by him in the former action was insufficient for want of facts, and therefore that the judgment upon it was no bar to the present suit. We think otherwise. That complaint set out very clearly representations and conduct by the defendants therein which were wrongful and fraudulent, and which, if proved, would have entitled the appellant to a rescission of his contract and the recovery of his stock. It alleged, also, that the fraudulent acts by which the defendants in that suit had succeeded in obtaining a sale and transfer of his stock by the appellant had been concealed from him. These allegations were denied by the appellees, and the parties went to trial upon the issue so made. All the persons named as defendants in the first action were either necessary or proper parties. All of them appeared to be directly or indirectly implicated in the fraud alleged, and the averments of that complaint were sufficient to require an answer from each of them. We discover no reason for holding the complaint void for uncertainty as to any of the parties.

The further objection is made that it appears from the special finding in the former case that the appellant had lost his right to recover in that action, on account of his delay in bringing his suit, and that according to the rule in *Dygert* v. *Dygert,* 4 Ind. App. 276, the answers should have been held bad. But the record affirmatively shows that the appellant failed in his first suit because no fraud was shown which entitled him to a rescission of the contract. The special finding that he had the opportunity to ascertain the facts concerning the alleged fraud amounted to nothing, because the court found and adjudged that no fraud was practiced by the appellees. The doctrine stated in *Marshall* v. *Gilman,* 52 Minn. 88, 53 N. W. 811, that when the action to rescind a contract is lost by the failure of the plaintiff seasonably to avail himself of it, and by conduct respecting the subject of the action inconsistent

Muncie Nat. Gas Co. *v.* City of Muncie.

with an intention to exercise that right, and amounting to an election not to do so, while sound, beyond question, does not apply to this case, for the reason that the finding and judgment was that no fraud existed.

The demurrers to the answers of the appellees were properly overruled, and we find no error in the record. Judgment affirmed.

Monks, J., took no part in the decision of this cause.