THE STATE EX REL. JENSEN, Respondent, vs. YANKEE, County Clerk, Appellant.

*February 2—February 23, 1904.*

*Towns: Vacation by county board: Statutes: Construction.*

Ch. 253, Laws of 1899, declared in its title to be incorporated into the statutes as sec. 671*a*, relating to the powers of county boards to vacate towns, after describing the petition required,

and the manner of holding an election thereon, provides, that in case the majority of votes cast are in favor of the vacation, and that fact properly certified by the county clerk, the county board "shall have power to vacate" such town. *Held*, that it was the legislative intent that ch. 253, should, with secs. 670, 671, Stats. 1898, form a complete and harmonious system, governing the powers of county boards in relation to vacating towns, and that an ordinance vacating a town passed by a county board without complying with any of the provisions of ch. 253, is void.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Tomkins, Tomkins & Garvin,* attorneys, and *M. E. Dillon,* district attorney, and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Lamoreux & Shea,* and oral argument by *W. F. Shea.*

WINSLOW, J. This is an appeal from a final judgment in an action of *certiorari* setting aside an ordinance passed by the county board of Ashland county vacating the town of Ashland, in said county. It appeared by the return that the ordinance of vacation had been passed without complying with any of the provisions of ch. 253, Laws of 1899, otherwise known as sec. 671a, Stats. 1898. On this ground the ordinance was held void, and the only question presented by the record is whether the section named was applicable and controlling. The appellant's contention is that the provisions of this section are only applicable when the county board desires to set off and establish a new town with a population of less than 125 inhabitants, and that in all other cases the county board, under the general provisions of sec. 670, Stats. 1898, may vacate a town without complying with the special provisions of said sec. 671a. We cannot agree with this contention. There is nothing in the terms of ch. 253 aforesaid which indicates such an intention. That chapter provides generally the proceedings to be followed for the vacation of

a town, not in any particular case, but apparently in all cases, and, after describing the petition required, and the manner of holding an election thereon, provides that in case the majority of votes are cast in favor of the vacation, and that fact be properly certified by the county clerk, the county board "shall have power to vacate" · such town.  The legislative intent that this chapter shall form a part of the general scheme of the law governing the powers of county boards in relation to the vacating of towns is very evident from the fact that this law is declared in its title to be incorporated into the statutes as sec. 671a, and immediately following secs. 670 and 671.  Taking these three sections together, there can be little doubt that the legislature intended, by the addition of sec. 671a, to make a complete and harmonious system by which a vote of the electors interested is essential to the power of the board to vacate a town, as well as to divide a town.  Any other construction would seem to make ch. 253 aforesaid practically useless and absurd.  See *State ex rel. Hiles v. Wood Co.* 61 Wis. 278, 21 N. W. 55, where the same construction was impliedly given to sec. 671.

*By the Court.*—Judgment affirmed.