## BROOKINGS COUNTY v. MURPHY, County Auditor.

The Legislature cannot delegate its law-making power.

Words expressive of a particular intent, incompatible with other words expressive of a general intent, will be construed to make an exception, so that all parts of the act may have effect.

The second proviso of Laws 1903; p. 272, c. 207, that in counties having a population of 12,000 or over the board of county commissioners may in their discretion allow a salary not exceeding $1,500 per annum to the county auditor, must be construed in connection with and as a limitation upon the precedent provisions requiring salaries to be computed on the basis of taxable valuation, and fixing the minimum and maximum salary in counties having a population of 1,500 or less, and, when so construed, it is not invalid as a delegation of legislative power under Const. art. 9, § 6, to prescribe the compensation of county officers, but merely prescribes a definite rule by which such compensation shall be determined and allowed.

Courts cannot interfere with the exercise of the legislative power to prescribe a rule by which compensation of county officers shall be determined and allowed so long as its action is within its constitutional limits.

The intention of an act will prevail over the literal sense of its terms.

It is the duty of the court to adopt that construction which will give effect to a statute when the conflict between it and the Constitution is not clear.

In counties having a population of 12,000 or more, the salary of the county auditor may be computed at the rate provided in Laws 1903, p. 272, c. 207, from the value of taxable property of a county, and such salary is limited to the amount so ascertained, but may be so computed and allowed up to the limit of $1,500 per annum.

Whiting, J., dissenting.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

Action by the County of Brookings against P. J. Murphy, as county auditor. From a judgment for defendant, plaintiff appeals. Affirmed.

*Olaf Eidem,* for appellant.

Where the Constitution provides that the legislature shall pre-scribe the salary or regulate, prescribe or fix the salary of public officers, this function cannot be delegated to any other body or tribunal. Dogherty v. Ransom County, 63 N. W. 148; Dogherty Austin, supra, 16 L. R. A. 161; People v. Johnson, 31 Pac. 611; Rockwell v. Board, etc., 49 N. W. 690; Reynolds v. Board, etc., 59 Pac. 730; Commonwealth v. Adams, 26 S. W. 581; Healey v. Dudley, 5 Lans. (N. Y.) 115. The Legislature, having enacted this amendment in the most clear and unambiguous language, intended that the county commissioners in this class of counties should have full power to fix the salary within the Fifteen Hundred Dollar limit, they are not limited in the exercise of their discretion by the taxable value of the property. Herron v. Lyman County, 11 S. D. 414; Smith v. Strother, 8 Pac. 852; Dogherty v. Austin, 29 Pac. 1092; Commonwealth v. Addams, 95 Ky. 588; Reynolds v. Board, supra. A maximum salary having been prescribed at $1,-200 per annum, the Legislature cannot delegate to the board of county commissioners authority, in their discretion, to annul and suspend its operation and by resolution make a special law for each particular county. People v. Board, 77 N. E. 321; Arms v. Ayer, 58 L. R. A. 277.

*Cheever & Cheever, G. A. Mathews,* and *Aubrey Lawrence,* for respondent.

The Legislature has authority to provide by statute the maximum and minimum salary of the county officers and may vest in the board of county commissioners discretionary authority to determine the amount of the salary of county officers within the limit of such maximum and minimum salary. Stookey v. Board, 57 Pac. 319; Reynolds v. Board, 59 Pac. 730. All presumptions are in favor of the constitutionality of statutes; that before an act of a co-ordinate branch of the government can be declared invalid by the judiciary for the reason that it is in conflict with the constitution, such conflict must be clear, positive, abrupt and unquestionable; and that, in case of fair, reasonable doubt of its constitutionality the statutes should be upheld. McLane v. Williams, 73 N. W. 74; Bonhomme County v. Berndt, 13 S. D. 309; Stosser v. Brass, 52 N. W. 408; Dorn v. Richmond Silver Mine Co., 43 Fed. 690;

15 Supreme Court Reports 751; Stewart v. Curly, 12 S. D. 245, 81 N. W. 147. The Legislature has authority to provide by statute the maximum and minimum salaries of county officers and vest in boards of county commissioners discretionary authority of determining the amount of salary of county officers within the limit of such maximum and minimum salary. Stookey v. Board, supra; Reynolds v. Board, supra. Voluntary payment of fees or salaries to public officers in excess of or when not authorized by law, if paid under a mutual mistake of law, both parties supposing that they were authorized by law, to pay and receive such salaries, cannot be recovered back. 18 Enc. Law, 225 1st Ed.; 22 Enc. Law 628, 2d Ed.; Painter v. Pol. Co., 47 N. W. 65; County of Wayne v. Randall, (Mich.) 5 N. W. 75; Supervisors of Onandago v. Briggs, 2 Denio, 26; Flynn et al., Commissioner of Highways v. Muhr, Commissioner of Highways, 22 N. E. 1109; Village of Margan Park v. Knoppf, 65 N. E. 332; People v. Foster, 23 N. E. 615; McKnight v. U. S. 98 U. S. 179; Snelson v State, 16 Ind. 29; Reappell v. Kissell, 74 S. W.; New Orleans & N. E. R. R. Co. v. Lansing C. & Imp. Co., 33 Co. 51 La.; State ex rel Sanborn v. Stonestant, 92 Mo. App. 214; DeShong v. City of N. Y. 77 N. Y. S. 563; Wessel v. Johnson, Land & Mort. Co., 54 N. W. 922; Selby v. N. S. 47 Fed. 800; Village of Shell City, v. Rumsey Co. Mfg. Co., 39 Mo. App. 264.

SMITH, J. This appeal presents the question of the constitutionality of the second proviso of chapter 207, p. 272, Laws 1903, relating to the salaries of county auditors in counties of this state having a population of 12,000 or over. By chapter 207, p. 272, Laws 1903, section 894 of the Revised Political Code, passed at the same session of the legislative assembly, was amended to read as follows: "Sec. 894. Salaries—How Determined. The salaries of registers of deeds and county auditors shall be regulated by the value of the property in their respective counties as fixed by the state board of equalization for the preceding year, as follows: They shall be entitled to receive five mills on each dollar of the first one hundred thousand dollars; one mill on each dollar of all sums in excess of such last named sum and less than five hundred thousand dollars; one quarter of one mill on each dollar of all

amounts in excess of said last named sum and less than one mill-
ion five hundred thousand dollars; and one twenty-fifth of one
·mill on each dollar of all amounts in excess of said last named sum;
Provided, that in counties having a population not exceeding fifteen
hundred or less the salaries of registers of deeds and county audit-
ors shall be six hundred· dollars per annum, and such salary shall
not in any county exceed one thousand two hundred dollars; Pro-
vided, further, that in counties· having a population of twelve
thousand or over the board of county commissioners may in their
discretion allow a salary not exceeding fifteen hundred dollars per
annum to the county auditor only, which salary shall be paid quar-
terly by warrants on the special salary fund or on the county gen-
eral fund." Section 6· of article 9 of the State Constitution is as
follows: "Sec. 6. The Legislature shall provide by general law
for such county, township and district officers as may be deemed
necessary, and shall prescribe the duties and compensation of all
county, township and district officers." ·The respondent Murphy
was elected auditor of Brookings county for a term of two years,
beginning March 1, 1905, duly qualified and· acted during said term.
At its meeting in January, 1905, the board of commissioners of said
county, acting under the authority of chapter 207, p. 272, Laws
1903, allowed to· the county auditor a salary of $1,500 per annum,
and such salary was thereafter paid to respondent during the said
term of two years. Prior to and during said term said Brookings
county had a population of over 12,000, and the valuation of the
property in said county as fixed by the state board of equalization
for the year 1904 was $7,311,464, and, as fixed by the state board
for the year 1905, was $7,381,088. Prior to the beginning of this
action, the plaintiff, Brookings county, by its state's attorney, de-
manded of the defendant the sum of $600, claiming that the second
proviso of chapter 207, p. 272, Laws 1903, under which the salary
of $1,500 was paid respondent, is unconstitutional and void be-
cause it constitutes an unlawful delegation of legislative power
to the board of county commissioners to fix the salary of $1,500;
and, further, that no salary in excess of $1,200 per annum could
·be lawfully allowed or paid respondent by said county. It seems
to be conceded by appellant's counsel that, though the second pro-

viso referred to may be void and unconstitutional, yet that fact would in no manner affect the remaining provisions of said chapter 207, and that respondent would be entitled to receive a salary of $1,200 per annum. Therefore this action is brought to recover from defendant, respondent herein, the amount paid him as such salary in excess of the sum of $1,200 per annum during his two years' incumbency of that office, amounting to the sum of $600. A jury trial was waived by the parties, and the action tried to the court. Findings of fact and conclusions of law were duly made by the court, and on such findings and conclusions a judgment was entered in favor of respondent and against the appellant, dismissing the action with costs.

No question is raised on this appeal as to the competency or sufficiency of the evidence to sustain the findings, nor that the findings and conclusions do not determine all the issues raised by the pleadings in the case. Certain of the findings of fact are excepted to as immaterial; but need not be considered here, as the same questions are presented by appellant's exceptions to the conclusions of law entered by the trial court. The conclusions of law to which exceptions were taken, and which present the only question raised upon this appeal, briefly stated, are that chapter 207, p. 272, Laws 1903, "is not an attempt nor does it delegate to such boards legislative powers or duties and that the acts of said board in allowing such salary was a valid use of the discretionary power vested in it by said legislative act." Under a constitutional provision like that contained in section 6, art. 9, of our State Constitution, it may be considered as settled law that the legislative assembly cannot delegate its power to the board of county commissioners to legislate upon the subject of the duties and compensation of county, township, or district officers. Judge Cooley in his work on Constitutional Limitations says: "One of the settled maxims in constitutional law is that the power to make laws cannot be delegated by that department to any other body or authority. Where the sovereign power of the state has located the authority, there it must remain; and by the constitutional agency alone the laws must be made until the Constitution itself is changed." In some states, as in New York, Kansas, Michigan, Wisconsin, and

Maryland, there are constitutional provisions which provide, in effect, that the legislative assembly may confer by general laws upon the boards of supervisors such further powers of local legislation and administration as the Legislature from time to time may deem expedient. In these states, as decided in State v. Wood County Supervisors, 61 Wis. 278, 21 N. W. 55, it is held that the legislative powers so conferred upon the county authorities are limited only by the statutes granting such power. In very few, if any, of the states, are to be found express constitutional provisions forbidding the delegation by the Legislature of its lawmaking power. No such provision is contained in the Constitution of this state. The only provision found in our Constitution relating thereto is that "the legislative power shall be vested in the Legislature." But, under constitutional provisions of this character, it is held by practically all the courts that the Legislature cannot abdicate or delegate its authority, and that no legislative power can be conferred by an act of the Legislature upon any of the other departments of the government, or upon any other body or authority. And, while this rule is regarded universally as well settled, the courts have not been wholly in accord as to what constitutes a delegation of legislative powers. In discussing this question, Justice Church of the late territorial Supreme Court, in the case of Territory ex rel. Smith v. Scott et al., 3 Dak. 414, 20 N. W. 401, quotes with approval and adopts this language used by the Supreme Court of Ilinois in People v. Reynolds, 10 Ill. 1: "All power possessed by the Legislature is given it by the people, and yet few will be found to insist that whatever the Legislature may do it shall do, or else it shall go undone. To establish such a principle in a large state would be to almost destroy the government. * * * We see, then, that while the Legisature may not divest itself of its proper functions, or delegate its general legislative authority, it may still authorize others to do those things which it might properly, yet cannot understandingly or advantageously do itself. * * * The object to be accomplished may be specified, and the rest left to the agency of others, with better opportunities of accomplishing the object or doing the thing understandingly." The Supreme Court of Ohio in the case of Crickett et al. v. State of Ohio, 18

Ohio St. 21, in considering a constitutional provision which reads, "The General Assembly * * * shall fix the term of office and the compensation of all officers," etc., says: "The duty enjoined by this section in regard to fixing the compensation of officers does not require the General Assembly to fix the sum or amount which each officer is to receive, but only requires that it shall prescribe or 'fix' the rule by which such compensation is to be determined. The rule of compensation adopted by the act of 1859 was by fees for the particular service performed. The result of this uniform rate of fees was either to make the compensation of officers inadequate in the small counties, or exorbitant in the larger and more populous ones; for, if the rate was sufficiently high to yield in the aggregate an adequate compensation in the small counties, where there was but little business, though the office required all the time of the officer, the same rate, in populous counties, where there was much business, would produce a compensation unreasonably high. To obviate this evil, the Legislature, under the idea, perhaps, that the rule was required to be uniform throughout the state, adopted the mode prescribed by the acts of 1861 and 1862, creating the compensation above a certain sum according to population, and vesting in the commissioners in certain cases the power of making discretionary allowances. But neither under the last-named acts nor under the act of 1859 was the amount of compensation fixed by law. All that was done in either case was to fix or prescribe the rule by which the compensation was to be, and of a certainty could be, ascertained." The Supreme Court of Texas places the same construction upon a similar provision of the Constitution of that state. In that court appellant's contention was that under the Constitution the sole authority to fix the compensation of county treasurers was vested in the Legislature, and that such authority could not be delegated to county commissioners. That court held that an act of the legisative assembly which provided that the compensation of county treasurers should be based upon a rate determined by the commissioners between a maximum and minimum upon a percentage of the moneys received and paid out by such treasurers did not constitute a delegation of legislative power, but merely prescribed a rule by which such compensa-

tion should be ascertained and determined. And the court further expressly holds that the county commissioners may be authorized to determine the rate between the maximum and minimum limits prescribed by the statute. The Supreme Court of Idaho in the case of Reynolds v. Board of Commissioners, 6 Idaho, 787, 59 Pac. 730, holds to the same rule, and gives it an even broader application. The legislative assembly of that state passed an act authorizing boards of county commissioners to fix the salaries of county officers at a "reasonable compensation, taking into consideration the character of the services, amount of labor to be performed, and such surrounding circumstances as affect the cost of living and supporting oneself at the county seat of his county, compatible with the dignity of the office to which he has been elected." That court, in placing a construction upon this act, held that it was not a delegation of legislative authority, but that it merely "fixed the basis upon which the salary of county officers in each county in the state is to be fixed" by the boards of county commissioners. We believe these authorities are sound in principle and determine the precise point under discussion.

The legislative assembly, by the enactment of chapter 207, p. 272, Laws 1903, while it does not prescribe the precise number of dollars which shall be paid as compensation to the auditor in each and every county in this state, has, we think, prescribed a definite rule by which such compensation shall be determined and allowed. Counsel for appellant contends that the second proviso of this statute is entirely independent of the preceding portions thereof; that, though added to the section by way of amendment, it, in effect, constitutes a separate enactment, and is an attempt on the part of the legislative assembly to delegate to the board of county commissioners authority to "prescribe" the compensation of county auditors. By adopting this construction of this enactment, appellant's counsel seeks to bring this case within the ruling of the Supreme Court of North Dakota in the case of Doherty v. Ransom County, 5 N. D. 1, 63 N. W. 148, and the case of Dougherty v. Austin, 94 Cal. 601, 28 Pac. 834, 29 Pac. 1092, 16 L. R. A. 161, cited as authority in that case. But in neither of the cases above referred to was any question presented as to the proper construc-

tion to be placed upon the statutory enactments. The statutes under consideration in these cases were of such import as to render it clear beyond a doubt that the legislative assembly had attempted an unlawful delegation of the authority vested in it by the Constitution, and therefore they may be regarded as in full accord with the universal holding of the courts under similar constitutional provisions.

But in the case now under consideration by this court a serious question is raised by appellant's contention as to the proper construction which is to be given to the law itself. To hold that the second proviso in this statute, in effect, constitutes a separate enactment, and must be construed independenty of the act of which it forms a part, would be to adopt a rule of construction entirely without precedent. Sutherland on Statutory Construction, § 223, says: "The natural and appropriate office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter. It is to be construed in connection with the section of which it forms a part, and it is substantially an exception. * * * It is not an arbitrary rule to be enforced at all events, but is based on the presumption that the meaning of the lawmaker is thereby reached." We are clear that both provisos in these enactments must be construed in connection with the other provisions of the section of which they form a part. It is only by so construing them that we may be able to arrive at the true meaning and intent of the legislative body. The general purpose of this enactment is clear. It is intended to prescribe the compensation of the officers therein named. No valid objection can be urged, as we have seen, to an enactment by the legislative assemby prescribing the compensation of county officers upon the basis of either the assessable property valuation or the population of the counties. The question then remaining is whether by any fair or reasonable intendment chapter 207, p. 272, Laws 1903, can be construed as an enactment prescribing such rule for determining the compensation of county auditors under the second proviso of said act. It seems to us quite clear that the portion of the section preceding the provisos furnishes the basis upon which the compen-

sation of both such officers may be computed, while the provisos are both intended to operate merely as limitations upon the amount of compensation. The first proviso fixes the minimum and maximum compensation to be allowed when computed upon the basis of taxable valuation in counties having a population of 1,500 or less; while the second proviso constitutes a modification of the first proviso as to county auditors alone. It is urged by appellant's counsel that the first proviso limits the compensation of county auditors in all counties in the state to $1,200 per annum. At a first glance, and without the aid of construction—that is, eliminating all consideration of the purview of the statute—the two provisos would seem to be in conflict. But Sutherland on Statutory Construction lays down the rule in paragraph 216: "Words expressive of a particular intent, incompatible with other words expressive of a general intent, will be construed to make an exception, so that all parts of the act may have effect." Applying this rule of construction, the apparently conflicting clause of the first proviso limiting salaries of auditors in all counties of the state to the sum of $1,200 would read: "And such salary shall not in any county exceed $1,200, except as hereinafter provided." The second proviso would then be left operative as to counties having a population of 12,000 or over, with a limitation of $1,500 upon the salary of county auditors, such salaries to be computed upon the valuation basis prescribed in the preceding portion of the section.

Appellant's counsel urges that the assessable property and the population of a county are independent factors, bearing no relation to each other, and for that reason such a method of prescribing compensation for county auditors in one class of counties would be unfair and unequitable. This may be true, but it is an argument which might, with propriety, be addressed to the Legislature, but not to the courts. The question of the effect of such laws upon individual office holders is one with which the courts have no concern so long as the action of the legislative assembly is within its constitutional limits and authority. Walker v. Jameson, 140 Ind. 591, 37 N. E. 402, 39 N. E. 869, 28 L. R. A. 679, 683; People v. Kirk, 162 Ill. 138, 45 N. E. 830; State v. Schlitz Brewing Co., 104 Tenn. 715, 59 S. W. 1033.

It is further contended by appellant's counsel that the clause in this statute, "may in their discretion allow a salary not exceeding fifteen hundred dollars per annum," must be construed as vesting an unqualified discretion in the boards of county commissioners in this class of counties to prescribe any compensation they may designate from $1 to $1,500 per annum. As we have seen, this latter proviso must be construed in connection with all the preceding provisions of the statute of which it forms a part. It is clear, then, that the discretion conferred is one which must yield and be subordinate to the plain meaning of the whole statute, and that the clause referred to must be construed as a limitation merely upon the amount of salary to be allowed in such counties. We think such a construction of this statute is amply sustained by authority. In the case of San Diego v. Grannis, 77 Cal. 514, 19 Pac. 876, the court says: "One clause of a statute or contract apparently conclusive as to some particular thing may be enlarged or limited by other provisions of the instrument upon the same subject. And in such a case the intent must be gathered from all the provisions considered together; the interpreter having his eye on the subject-matter of the instrument, and giving effect to such clause of the latter when it can be done." The People ex rel. Sinkler v. Terry, 108 N. Y. 1, 14 N. E. 815; Wenger v. Taylor, 39 Kan. 754, 18 Pac. 911. Sutherland, in his work on Statutory Construction, says: "Section 219. The intention of an act will prevail over the literal sense of its terms." "Sec. 218. When the subject-matter is once clearly ascertained and its general intent, a key is found to all its intricacies; general words may be restrained to it, and those of narrower import may be expanded to embrace it to effectuate that intent." Mr. Justice Field in the Eureka Case, 4 Sawy. 302, 317, Fed. Cas. No. 4,548, says: "Instances without number exist where the meaning of words in a statute has been enlarged or restricted and qualified to carry out the intent of the Legislature." But, even if a doubt existed in the minds of the court as to which of the two constructions of the provisions of chapter 207, p. 272, Laws 1903, should prevail in this case, it would be the duty of the court to adopt that which would give effect to the statute. Cooley in his

work on Constitutional Limitations, p. 255, says: "The duty of the court to uphold the statute when the conflict between it and the Constitution is not clear, and the implication which must always exist that no violation, has been intended by the Legislature may require it in some cases, where the meaning of the Constitution is not in doubt, to lean in favor of such a construction of the statute as might not at first view seem most obvious and natural; for, as the conflict between the statute and the Constitution is not to be implied, it would seem to follow, where the meaning of the Constitution is clear, that the court, if possible, must give the statute such construction as will enable it to have effect. This is only saying, in another form of words, that the court must construe the statute in accordance with the legislative intent; since it is always to be presumed the Legislature designed the statute to take effect and not to be a nullity." The rule upon this subject is stated by the Supreme Court of Illinois: "Whenever an act of the Legislature can be so construed and applied as to avoid conflict with the Constitution and give it the force of law, such construction will be adopted by the courts." Newland v. Marsh, 19 Ill. 376, 384. In People v. Hayne, 83 Cal. 111, 117, 23 Pac. 1, 3, 7 L. R. A. 348, the court says: "If the language employed was capable of two or more constructions, any one of which would be in harmony with the Constitution, it would be our duty to give it that construction." We therefore hold on this appeal that in counties having a population of 12,000 or more the salary of the county auditor may be computed at the rate provided in chapter 207 upon the value of the taxable property of the county; that such salary is limited to the amount so ascertained, and cannot exceed it, but may be so computed and allowed up to the limit of $1,500 per annum.

The only assignments of error on this appeal relate to the conclusions of law made by the trial court holding that the law involved herein is "not an attempt to, nor does it delegate to such boards legislative powers or duties." The question whether the appellant might not under the views herein expressed recover an amount less than the sum claimed is not before this court for review, and the judgment of the trial court is therefore affirmed.

WHITING, J. (dissenting). While fully concurring in the law laid down in the foregoing opinion, I am of the opinion that this court, instead of affirming the trial court, should direct judgment for the appellant in conformity with the findings of the trial court.

The appellant came into this court claiming that the provision in the statute in question, which provision purports to give the county commissioners power to raise the salary of county auditor to $1,500 in counties of over 12,000 in population, was unconstitutional. The respondent came into this court, interpreting said provision to give the county commissioners the absolute right in all cases where the population was over 12,000 to give the auditor a salary of $1,500. Neither party conceded that this provision was in any manner controlled or affected by the other parts of the section. If respondent had been correct in his claim that the section through this provision attempted to give the commissioners the right to place the salary at $1,500 regardless of the assessed valuation of the property of the county, then this court would have had to hold such provision unconstitutional, and it is only by construing the whole section contrary to the contention of both parties that this court has held the same constitutional. It is therefore conceded by the opinion that under the findings in this case the defendant drew more than he was legally entitled to (and a computation shows that such excess for the two years was some $230), and it seems to us that it is the duty of this court to direct judgment in conformity with the law as laid down herein, and that full justice to both parties would be meted out by so doing and allowing neither party costs in this court.