JOHN MORRELL & CO., Respondent, v. AMERICAN EXPRESS COMPANY, et al., Petitioner.

(187 N. W. 524.)

(File No. 5022.  Opinion filed April 10, 1922.)

1.  Carriers—Express "Pickup and Delivery Service"—Commissioner's Rate Ruling Embracing Pickup Service—Unavailing Protest Against.

The Railroad Commissioners' Order, made on petition of plaintiff shipper, establishing a "pick up and delivery service"

to and from plaintiff's packing plant, which rate presumably covered expense of such service, and which rate plaintiff is paying, is a proper order; since by common custom and long usage "pickup and delivery service" is a part of express carriers' business.

2. **Same—Pickup Service, Distance Between Shipper's Place of Business and Carrier's, Same as for Other Shippers, Required Service, Whether Reasonable.**

Where distance between plaintiff shipper's place of business and defendant carrier's place of business was no greater than that to other places of business in the same town accorded the same "pickup and delivery" service, held, the order requiring such service in plaintiff's favor is not unreasonable under existing circumstances.

3. **Railroad Commission—Order Requiring Express Company to Maintain "Pickup and Delivery" Service, Whether Legislative in Effect—Statute—Necessity for Administrative Board.**

An order of Board of Railroad Commissioners requiring and directing American Railroad Express Company to establish and maintain a "pickup and delivery" service to and from plaintiff's packing plant, is not legislative rather than regulatory or administrative in nature and effect, and therefore void; since under Sec. 9562, Code 1919, the Commission is authorized to regulate and control method and manner of conducting express business, to make rates and regulations governing method of transacting such business and to fix and determine charges for carrying express freight; it does not delegate legislative power since, conceding that such service is part of that required of defendant carrier and for which it is receiving pay through existing rate schedule, it is necessary to determine what are the reasonable limits of distance within which such service is required—an act highly impractical if not impossible for Legislature to determine; and some person or tribunal must be vested by law with power to determine the same; and Legislature may authorize others to do things which it might properly yet cannot understandingly or advantageously do itself; which function is that of delegating power to determine a state of things on which the law makes its own action depend.

4. **Railroad Commission's Order, Requiring "Pickup and Delivery" Service, Whether Unconstitutional.**

Railway Commissioners' order requiring and directing American Railway Express Co. to establish and maintain a "pickup and delivery" service to and from plaintiff's packing plant, upon an established schedule rate covering such service, which service is included in such rate, made pursuant to Sec. 9562,

Code 1919, is not unconstitutional as depriving defendant carrier of its property without due process.

5. **Appeals—Error—Point Stated Without Argument or Citation of Authorities Non-consideration of on Appeal.**

Where appellant's counsel's brief merely states the point without argument or citation of authority, it will not be considered on appeal.

6. **Carriers—Railroad Commissioners' Order Requiring "Pickup" Service Applicable to Other Shippers, Whether Preferential, Discriminative.**

Railway Commissions' order requiring and directing American Railway Express Co. to establish and maintain a "pickup and delivery" service to and from plaintiff's packing plant, under a rate schedule found to include cost of such service and for which plaintiff shipper was paying, and which rate and service were applicable to other carriers similarly situated, is not preferential or discriminative in plaintiff's favor.

Original application by John Morrell & Co., against the American Railway Express Co., Impleaded with the American Express Co., Great Northern Express Co., and Wells Fargo Express Co., for a writ of certiorari to the Board of Railway Commissioners of the State of South Dakota, seeking review of the action of the Railroad Commission in its order requiring and directing defendant American Railway Express Co. to establish and maintain a "pick up and delivery" service to and from plaintiff's packing plant. Writ dismissed.

*Bailey & Voorhees*, (*A. M. Hartung* of counsel,) for Petitioner.

*Boyce, Warren & Fairbank*, for Respondent.

*Byron S. Payne*, Attorney General, and *Raymond L. Dillman*, Assistant Attorney General, for Board of Railroad Commissioners.

(1) To point one of the opinion, Petitioners cited: Sec. 9562, Code 1919.

Railroad Commissioners cited: Secs. 9503, 9504, 9509, 9520, 9560, 9562, 9803, Code 1919; 10 C. J. 234; Southern Exp. Co. v. Potter Bros., (Tenn.) 183 S. W. 157; State v. Atlantic Coast Line Ry. Co., (Fla.) 52 So. 4.

(3) To point three, petitioners cited: Sec. 9562, Code 1919; Phenix Ins. Co. v. Perkins, 19 S. D. 59; Brookings County v. Murphy, 23 S. D. 311; Cincinnati, etc. R. Co. v. Clinton County, 1 Ohio St. 88; King v. Concordia Ins. Co., 140 Mich. 258, 103

26—Vol. 45, S. D.

N. W. 616, 6 Ann. Cas. 87; St. Charles State Bank v. Wingfield, 36 S. D. 493.

Railroad Commissioners cited: State ex rel. v. Railway Co., 38 Minn. 281; People v. Colorado Title & Trust Co. (Colo.) 178 Pac. 6.

Respondents cited: Secs. 9503, 9504, 9505, 9509, 9520, 9560, Code 1919; Platte v. Lecocq, 158 Fed. 723; Chesapeake Ry. Co. v. Public Service Commission, L. R. A. 1917F, page 1190; Minnesota Rate Cases, 48 L. R. A. (N. S.) 1151; Wisconsin, Minnesota & Pac. Ry. v. Jacobson, 179 U. S. 287, 45 L. Ed. 194.

(4) To point four, Respondent cited: Chicago & Northwestern Ry. Co. v. Dougherty (S. D.) 163 N. W. 715.

POLLEY, J. This case is here on a writ of certiorari to the Railroad Commissioners. The plaintiff, John Morrell & Co., is a packing concern doing business in Sioux Falls and ships a large tonnage of its products by express. On the 30th day of September, 1921, the Railroad Commission, upon the petition of said packing company, made and entered an order requiring and directing the American Railway Express Company to establish and maintain a "pick-up and delivery" service to and from plaintiff's packing plant. The express company, claiming that, in the making of said order, the Railroad Commission exceeded its authority and the jurisdiction conferred upon it by law, bring the case here on certiorari to have the action of the Railroad Commission reviewed by this court.

[1] By common custom and long usage, what is known as pick-up and delivery service, within reasonable limits, has come to be a part of the business of an express company, and the charges that are made for shipping freight and packages by express are presumed to be sufficient to cover the expense of such service; and in this case the Commission found that, in establishing the schedule of rates under which defendant is conducting its business at Sioux Falls, the cost of the pick-up and delivery service within reasonable limits is included in such rates, so that, as a matter of fact, the plaintiff is now paying for this service, although not receiving it. Therefore, so far as the merits of the controversy are concerned, there is no question of the correctness of the order complained of.

[2]   What constitutes reasonable limits for pick-up and delivery service depends upon the circumstances in each particular case; such as density of population, grade of streets, condition of roadways, and volume of business.   In this case the defendant claimed the distance from its place of business to the plaintiff's place of business is so great that it is unreasonable to require pick-up and delivery service.   But the record shows that the distance to plaintiff's place of business is no greater than it is to other places of business of the city of Sioux Falls, which are now accorded this service.   It also appears that the places of business of plaintiff and defendant are connected by a paved street and that plaintiff furnishes a greater tonnage than any other one concern in said city.   It further appears that the service asked for by plaintiff is extended by defendant to several of plaintiff's competitors in other cities where the distances to be traversed are materially greater than the distance to plaintiff's plant.   The service required by the order complained of is not unreasonable under the existing circumstances.

[3]   It is next contended by the defendant that the order complained of is legislative in its nature and effect, rather than regulatory or administrative, and for that reason void; and that section 9562, R. C., so far as it purports to authorize the Railroad Commission to make said order, is a delegation of legislative power and for that reason unconstitutional.   Section 9562 authorizes the Railroad Commission to regulate and control the method and manner of conducting the express business, to make rates and regulations governing the method of transacting such business, and to fix and determine the charges to be made for carrying express freight.   This law does not purport to delegate any legislative power.   Conceding it to be the law that pick-up and delivery service within reasonable limits is a part of the service required of the defendant and for which it is receiving pay through the existing schedule of rates, and defendant does not deny that such is the case, it is necessary to determine what these limits should be in each particular case.   It would be highly impractical, if indeed it would not be impossible, for the Legislature to determine what should be the limits to be covered by this service in each particular case.   What would be a reasonable distance in one case might be wholly unreasonable in another, and

what constitutes a reasonable distance in a given case must be left to the determination of some person or tribunal vested by law with power to determine.

It was said by the territorial court in Territory v. Scott, 3 Dak. 415, 20 N. W. 401, and again by this court in Brookings County v. Murphy, 23 S. D. 311, 121 N. W. 793:

"That while the Legislature may not divest itself of its proper functions, or delegate its general legislative authority, it may still authorize others to do those things which it might properly, yet cannot understandingly or advantageously, do itself. * * * The object to be accomplished may be specified, and the rest left to the agency of others, with better opportunities of accomplishing the object or doing the thing understandingly."

The Legislature cannot delegate its general legislative authority, still it may authorize many things to be done by others which it might properly do itself. People v. Reynolds, 5 Gilman (Ill.) 1.

"The Legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make, its own action depend. * * * There are many things upon which wise and useful legislation must depend, which cannot be known to the lawmaking power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation. Hence the necessity of the municipal divisions of the state into counties, townships, cities, wards, boroughs and districts, to which is committed the power of determining many matters necessary, or merely useful, to the local welfare." Locke's Appeal, 72 Pa. 491, 13 Am. Rep. 716.

Hence, also, the necessity of the creation, in recent years, of the many boards, bureaus, and commissions, such as the Interstate Commerce Commission, the various railroad commissions, etc., by the federal and state governments. Suppose the Legislature had enacted a law expressly requiring express companies to establish and maintain a pick-up and delivery service within a reasonable distance from their offices at all stations where the population and amount of business are sufficient to warrant such service, it would still be necessary, in order to make such law effectual, for some board or tribunal to ascertain these facts and

determine when the law should be applied.    That is all the Railroad Commission has attempted to do in this case.

[4]   It is contended by defendant that the order complained of and the law under which it was made (section 9562) are unconstitutional, in that defendant is being deprived of its property without due process of law.    But just how it can be deprived of its property by being compelled to perform a service for which it is being paid is not apparent to the court.

[5]   It is next contended by defendant that the order complained of is in conflict with the commerce clause of the federal Constitution.    Defendant's counsel content themselves with merely stating the point without argument or citation of authorities.    We therefore decline to consider or pass upon the question.

[6]   Lastly, defendant contends that the order constitutes a preference and discrimination in favor of plaintiff.    This contention is manifestly without merit, for the order on its face requires defendant to furnish other industries similarily situated with the same service that is to be furnished to plaintiff.

It not appearing that the Board of Railroad Commissioners exceeded its lawful jurisdiction in making the order complained of, the writ of certiorari issued herein will be dismissed.