## LAGURA v. DEUTSCH ET AL.

[No. 13,914. Filed April 30, 1931. Rehearing denied October 6, 1931. Transfer denied April 26, 1932.]

*Houren, Stanton & Stanton,* for appellant.
*Sheehan & Lyddick,* for appellees.

LOCKYEAR, C. J.—On January 30, 1924, Adolph E. Deutsch and Alonzo Bennett, partners, doing business under the firm name of "Deutsch and Bennett," signed a contract with the school board of the city of Gary, to build what is known as the Emerson School Shop Building.

On March 19, 1924, Deutsch and Bennett signed a contract with John Lagura as subcontractor, by which Lagura was to do the brick work and furnish the labor and material therefor in said building. Lagura ordered material for said building from the Calumet Supply Company, which material was used in the construction of said building, on which account there was a balance due of $1,842.41.

The Calumet Supply Company first brought suit on said account in the Lake Superior Court Room No. 3 against John Lagura; then by an amended complaint Deutsch and Bennett were also made parties defendant. To the amended complaint, Deutsch and Bennett filed an answer in general denial.

John Lagura filed an answer in general denial to said amended complaint, and also a cross-complaint against his codefendants, Deutsch and Bennett, in which he alleged that said building was erected by the cross-defendants for the school city of Gary and that, in the erection and construction of said building, said cross-defendants employed Lagura to supervise the masonry work in said building, that, during said supervision, Lagura admits that he purchased materials sued for herein in his own name from the plaintiff, but that, in truth and in fact, and in so purchasing the same, he was acting as the agent for said codefendants who were at said time undisclosed principals in said transaction and that they authorized him to purchase said materials and agreed with him that they would be liable for the same to the said plaintiff. Wherefore, cross-complainant prays that, on the trial of the issues herein stated, the court will order that execution be first levied on the property of said Deutsch and Bennett before resorting to the property of this defendant and cross-complainant.

On the issues thus formed, the case went to trial before a jury in said Lake Superior Court.

In the case of the Calumet Supply Company, one J. R. Cole, credit manager of the Calumet Supply Company, testified: "My name is J. R. Cole. I am credit manager of the plaintiff, the Calumet Supply Company. We delivered material to the Emerson Shop Building in 1924 on instruction of John Lagura and charged it to his account. The delivery tickets were all signed by Lagura's workmen. The value of the material was $2,945, upon which there has been paid $1,125. The balance now is $1,842.41, with interest amounting to $147.39, or a total of $1,989.80. I asked Lagura for it and he referred me to Deutsch and Bennett, but they referred me to Lagura. Deutsch and Bennett made the only payments on the account. Lagura told him that Deutsch and Bennett should pay the account. No delivery slips were signed by Lagura."

Joe H. Wildermuth testified: "I have been the architect for several schools in Gary, including the Emerson School Shop. Deutsch and Bennett were the general contractors. On the 19th of April 1924, I served notice on them that they would have to annul their masonry contract with John Lagura. Later, they told me that they had annulled the contract and that they were going to proceed with it by day work."

Adolph Deutsch testified: "I am a general contractor and was a partner of Alonzo Bennett on the Emerson School Shop Building. We entered into a written contract of March 29, 1924, with John Lagura on the masonry work. After that, we received a notice from the School City of Gary, but I told Lagura to go ahead, that the school board had no authority to tell us whom we shall employ as long as the work was done right. We did not annul or cancel the written contract with John Lagura. We had no agreement with him for the day work and had no conversation with him."

John Lagura testified in said trial as follows: "I

entered into the contract on March 29, 1924 with Deutsch and Bennett and, within three or four days thereafter, started on the work, beginning with the footings. On April 1924, after beginning the work, I received from Mr. Wildermuth, the school architect, through the mails, a copy of a letter he had sent to Deutsch and Bennett. Defendant's Exhibit 1 is a true copy of the letter which I received." And, without objection, defendant's Exhibit 1 (the letter from Wildermuth) was read in evidence and is as follows:

"Joe H. Wildermuth and Co.

"Architects and Building Engineers

"209 Lee Bldg. Gary, Indiana.

"Deutsch and Bennett

"General Contractors

"28 E. 8th. Ave. Gary, Indiana

"April 19, 1924.

"Dear Sirs:

"In regard to Emerson Shop Building.

"We have just been informed that you have let the masonry work on this building to John Lagura in conflict with your agreement with the Board of Education. Please cancel that contract immediately and proceed by day work.

"Sincerely yours,

"Joe H. Wildermuth & Co.

"By. . . . . . . . . . . . . .

"J.H.W:B.P.

"P. S. The above letter is a true copy from the carbon copy in our files.

"Joe H. Wildermuth.

May 1, 1925."

"I immediately went to the office of Deutsch and Bennett, where Deutsch showed me a letter like mine which he had received. I talked with Deutsch and he told me he had an agreement with the school board not

to sublet the masonry work. I then went to see Wildermuth the same day, and immediately back to see Deutsch, and Deutsch told me to go ahead with the work, and do it by the day and to set my time by percentages. From that time, I paid no attention to material. By the day system, I was to furnish masons and mason work, keep track of my time, pay my payroll and get ten per cent profit for myself. I was to furnish the tools and equipment. We had no agreement as to how much I was to pay my men, but I paid them all the union scale. As soon as I got the contract on March 29, I opened up the account in my name at the Calumet Supply Company for all materials which would be needed under my contract. Some sand and gravel, lime and cement was delivered for the footings, before we canceled the contract. After we canceled the contract, I never ordered any more material. I had a foreman on the job, but did not go there myself more than once or twice a month. At the time we canceled the written contract, I turned in to Deutsch my signed copy. We did not sign a new contract. I sent Deutsch letters showing my time on the job from time to time. The job would cost more by day work than my contract called for because there was delay in getting material, which caused loss of time. I always pay my own material bills and have never had anyone pay them for me. I did not notify the Calumet Supply Company."

The facts testified to by Lagura were the real questions at issue in that case. If the contract had not been canceled, Lagura owed the Calumet Supply Company. If it had been canceled, Deutsch and Bennett owed the debt. On that issue, the court instructed the jury as follows: "If you find by the preponderance of the evidence that the defendant, John Lagura, was employed by his co-defendants, Deutsch and Bennett, under the contract introduced in evidence, date March 29, 1924,

and that, during the course of said employment, said contract was annulled and a new contract was made between the said Lagura and Deutsch and Bennett, whereby the said Lagura was to furnish the labor contemplated under said contract, and the said Deutsch and Bennett were to pay for the materials used, and if you further find that the said defendant, John Lagura, purchased the materials sued for in his own name from the plaintiff, then I instruct you that the said Deutsch and Bennett would be primarily liable for said account sued upon and the said John Lagura would only be secondarily liable therefor."

Following the court's instruction, the jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $1,990 against all of the defendants and further find that the indebtedness sued upon herein is primarily the indebtedness of the defendants, Deutsch and Bennett, and secondarily the indebtedness of the defendant, John Lagura, and further find that the property of the defendants, Deutsch and Bennett, should first be exhausted for the payment of such said indebtedness, then the property of John Lagura should be levied upon. Leroy Kelsey, Foreman."

Whereupon, Deutsch and Bennett filed a motion to require the Calumet Supply Company to elect as to which defendant or defendants it wished to take judgment against. The Calumet Supply Company elected to take judgment against Deutsch and Bennett. Judgment was accordingly rendered against them for $1,990.

After the trial and judgment was rendered in said superior court, as above set out against Deutsch and Bennett, they then filed a complaint in the Lake Circuit Court against John Lagura, wherein they set out a copy of the contract with Lagura, marked it "Exhibit A" and made it a part of the complaint.

The complaint of appellees Deutsch and Bennett

against the appellant, Lagura, in the Lake Circuit Court sets out, in substance, the following: On March 29, 1924, the plaintiff and defendant entered into a written contract, a copy of which is filed with the complaint and marked "Exhibit A" under which Lagura was to be paid $9,200. That thereafter the defendant proceeded under such contract and completed the work mentioned therein and, from time to time during the work, requested of the plaintiffs money to pay for labor. In response to such requests, the plaintiff paid out to the defendant the sum of $5,500 in cash and for freight and materials $3,918.25, and $1,990 on the suit in the Gary Superior Court as above set out in this opinion and that, by reason thereof, there was an overpayment of $2,118.25, for which the appellees in this case demand judgment.

Appellant Lagura filed an answer in general denial and a paragraph of answer of former adjudication. The court found for the appellees against the appellant in the sum of $1,616.07.

We apparently have a case where two courts have decided the same matter and have reached opposite conclusions.

A judgment or decree rendered in a former suit is conclusive between the parties as to all matters presented and litigated therein and as to all matters which might have been litigated and determined. *Bougher* v. *Scobey* (1863), 21 Ind. 365; *Faught* v. *Faught* (1884), 98 Ind. 470; *Wilson* v. *Buell* (1888), 117 Ind. 315, 20 N. E. 231; *Wright* v. *Anderson* (1888), 117 Ind. 349, 20 N. E. 247; *Gilmore* v. *McClure, Admr.* (1892), 133 Ind. 571, 33 N. E. 351; *Parker* v. *Obenchain* (1894), 140 Ind. 211, 39 N. E. 869; *Guthrie* v. *Goodrich* (1902), 160 Ind. 95, 66 N. E. 446; *Moore* v. *Horner* (1896), 146 Ind. 291, 45 N. E. 341; *Zimmerman* v. *Savage* (1896), 145 Ind. 133, 44 N. E. 252; *Fischli* v.

*Fischli* (1825), 1 Blackf. (Ind.) 360, 12 Am. Dec. 251.

An answer of former adjudication must show that, in the suit in which the judgment pleaded was rendered, the same material question on which the second suit depends was or might have been decided. *Griffin* v. *Wallace* (1879), 66 Ind. 417; *Cutler* v. *Cox* (1828), 2 Blackf. (Ind.) 178, 18 Am. Dec. 152.

Where the record does not show the fact, it may, in some cases, be shown by parol evidence. *Angel* v. *Hollister* (1868), 38 N. Y. 378; *Board, etc.,* v. *Mineral Point R. Co.* (1869), 24 Wis. 93; *Bougher* v. *Scobey, supra; Bottorff* v. *Wise* (1876), 53 Ind. 32; *Mitten* v. *Caswell-Runyan Co.* (1912), 52 Ind. App. 521, 99 N. E. 47.

A former adjudication in favor of several defendants is a good defense to a subsequent action upon the same cause against any of such defendants. Notwithstanding the proceeding may be erroneous, yet, as between the parties, the judgment must stand until vacated or reversed. *State, ex rel.,* v. *Krug* (1883), 94 Ind. 366.

The Lake Circuit Court must of necessity have found that the contract in question had not been canceled and that, by its terms, the appellee was bound to pay the appellants the amount of the judgment rendered in the action of the Calumet Supply Company against the appellant and appellees.

The appeal raises the question of *res judicata* in regard to what the issues were in both cases.

The verdict of the jury in the Lake Superior Court under the instructions given by the court impels us to the conclusion that the only question litigated in the first action was who owed the debt; that could only be determined by answering the other question: Was the original contract canceled? If it was, then the appellees owed the debt. The jury said it was

the debt of the appellees, and, by so saying, they said the contract had been canceled by mutual agreement. The Lake Circuit Court said it *had not been canceled.* We do not know. All we can say is that, in our opinion, the Lake Superior Court, having jurisdiction of the subject-matter and the parties, settled the question involved. The rights of the parties having been thus adjudicated, the judgment of the Lake Circuit Court is reversed.

Neal, J., and Curtis, J., not participating.